WALDEN, Chief Justice.
Defendant, Lake Towers, Inc., seeks review of an order striking its responsive pleadings and entering a default judgment against it. We treat the application as. a petition for writ of certiorari.
Plaintiff Axelrod filed his complaint and lis pendens on October 16, 1967. On November 8, 1967, the date a response was due, defendant mailed motions to dismiss, to strike and to dismiss lis pendens. These were received by plaintiff postmarked November 9, 1967. All three motions were filed November 13, 1967.
Two days later plaintiff moved to strike defendant’s pleadings and for entry of a default judgment alleging that the responses were untimely. Some two months later a default was entered against defendant because,
“the pleadings were not served within 20 days, as required by the Rules of Civil Procedure.”
We believe the entry of this default was erroneous.
While we believe these responsive pleadings were timely served under the rule which makes service complete upon mailing, Rule 1.080(b), F.R.C.P., 30 F.S.A., we find it unnecessary to decide this point. Instead, we base our decision squarely upon the right of a pleader to respond at any time prior to entry of a default judgment.
Rule 1.500(c), F.R.C.P., 31 F.S.A., provides :
“(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered.”
Since defendant’s responsive pleadings were served two months prior to entry of the default, we must grant the petition for certiorari and remand with instructions to reinstate the stricken pleadings.
Defendant has raised several other questions. We expressly do not decide the sufficiency of the complaint or of the lis pen-dens, or any of the other matters raised by defendant, since such issues are not necessary to the disposition of this matter.
It is so ordered.
REED and OWEN, JJ., concur.