528 So.2d 139 (1988)
Harold ARVIV, Arviv Holdings, Ltd., Crepaco Corporation and Belgravia Corporation, Appellants,
v.
Jeffrey M. PERLOW, Jeffrey M. Perlow, P.A., and Perlman & Perlow, P.A., Appellees.
No. 87-2607.
District Court of Appeal of Florida, Fourth District.
July 20, 1988.
*140 Gregory A. Martin of Wallace, Engels, Pertnoy, Martin & Solowsky, P.A., Miami, for appellants.
William R. Wicks, III, and Carmen Y. Cartaya of Dixon, Dixon, Nicklaus, Valle & McIntosh, Miami, for appellees.
PER CURIAM.
This is an appeal from a final judgment dismissing plaintiffs' complaint with prejudice for failure to comply with certain discovery orders. Plaintiffs appeal. We reverse and remand with instructions to reinstate plaintiffs' complaint.
Since there is nothing particularly novel about the circumstances and law we do shortly record:
1. The trial court abused its discretion by dismissing the complaint with prejudice for failure to comply with discovery because the plaintiff, Harold Arviv, had no means of complying with discovery. At the time of the discovery order Arviv was involved in criminal proceedings in Canada and one of the conditions of his bail was that he register with police daily in Toronto. Additionally, plaintiffs indicated that they would be willing to defer all reasonable expenses of opposing counsel in travelling to Canada in order to take Mr. Arviv's deposition.
2. It is well settled that sanctions for failure to comply with discovery may only be imposed when the non-complying party has the present ability to comply with the discovery orders. The striking of pleadings is unreasonable absent a determination that the failure was willful or done in bad faith. Wallraff v. T.G.I. Friday's Inc., 490 So.2d 50 (Fla. 1986); McNamara v. Bradley Realty, Inc., 504 So.2d 814 (Fla. 4th DCA 1987).
3. The trial court failed to make a finding that the failure to appear was willful or done in contumacious disregard of the court's authority as required by Wallraff and McNamara.
Reversed and remanded with instruction to reinstate plaintiffs' complaint.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.