551 So.2d 515 (1989)
Marie KLEINSCHMIDT, Appellant,
v.
GATOR OFFICE SUPPLY AND FURNITURE, INC., Robert B. Balogh, Charles Sinclair (Lanza, O'Connor, Armstrong, Sinclair & Tunstall, P.A.), Matz, Tratkman, Gurian & Associates, James J. Traitz, Freshman, Freshman & Traitz, P.A., Appellees.
No. 88-2775.
District Court of Appeal of Florida, Third District.
August 22, 1989.
Rehearing Denied November 15, 1989.
*516 Marie Kleinschmidt, in pro. per.
Lanza, O'Connor, Armstrong, Sinclair & Tunstall, Coral Gables, and Catherine B. Parks, Miami, for appellees.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the plaintiff Marie Kleinschmidt from a final order dismissing her negligence action below on the ground that the plaintiff had shown a deliberate and continuing disregard for court orders relating to discovery throughout the course of the proceedings below. The record reveals that (1) the plaintiff, after disregarding many court orders concerning the taking of her deposition, eventually complied and submitted to a deposition, and (2) the plaintiff did not comply with a court order directing her to file answers to additional interrogatories and to produce certain physical evidence for the defendants, but, instead, filed additional objections to the subject court order. We hold that this showing, without more, was insufficient to justify the drastic sanction of dismissal.
As to the plaintiff's violation of court orders concerning the taking of her deposition, the plaintiff eventually did comply with these orders, and, accordingly, a dismissal of the action was plainly an inappropriate remedy. See Muhtar v. Aetna Ins. Co., 456 So.2d 586 (Fla. 3d DCA 1984); Davis v. Freeman, 405 So.2d 241 (Fla. 1st DCA 1981); Donner v. Hetherington, 376 So.2d 404 (Fla. 3d DCA 1979). As to the failure to comply with the interrogatory and discovery production order, the plaintiff was given but one opportunity to comply with this order prior to the dismissal order and, accordingly, a dismissal of the action was an overly harsh remedy. See Lazare v. Weiss, 437 So.2d 211 (Fla. 3d DCA 1983); Kuechenberg v. Creative Interiors, Inc., 424 So.2d 145 (Fla. 4th DCA 1982). We do not, however, condone the plaintiff's refusal to obey the court's discovery orders; plainly, the trial court on this record could have imposed lesser sanctions short of dismissal. See Fla.R.Civ.P. 1.380(b). Moreover, if the plaintiff persists in refusing to obey the court's interrogatory and discovery production order discussed above, or any other discovery order, the trial court at some point will clearly have the authority to dismiss the action. Mercer v. Raine, 443 So.2d 944 (Fla. 1983); European X-Ray Distrib. of America, Inc. v. Saab-Scania Aktiebolag, 414 So.2d 4 (Fla. 3d DCA 1982); Merrill Lynch Pierce Fenner & Smith Inc., 413 So.2d 102 (Fla. 3d DCA 1982).
The final order of dismissal under review is therefore reversed and the cause is remanded to the trial court with directions to impose lesser sanctions against the plaintiff which the trial court, in its discretion, deems appropriate under Fla.R.Civ.P. 1.380(b).
Reversed and remanded.