554 So.2d 630 (1989)
CARILLON CORPORATION, a Florida Corporation, Appellant,
v.
Seymour DEVICK and Florence Devick, Appellees.
No. 88-2288.
District Court of Appeal of Florida, Fourth District.
December 28, 1989.
*631 Douglas P. Johnson, Fort Lauderdale, for appellant.
William S. Cassel of Cassel and Cassel, P.A., Fort Lauderdale, for appellees.
WARNER, Judge.
This is an appeal from an order striking plaintiff's pleading and entering default on liability. We treat this as a non-final appeal pursuant to Rule 9.130(3)(C)(iv).
On April 20, 1987, the appellant/lessee filed an amended petition for declaratory and injunctive relief and specific performance of a lease. On July 6, 1987, the appellees/lessors filed a counterclaim for breach of contract and fraud. In September of 1987, the appellant's attorney moved to withdraw. Nothing was done on the case by either party until the appellees filed a motion for default judgment on May 20, 1988, due to appellant's failure to respond to the counterclaim. On June 8, 1988, appellant's attorney filed an answer and affirmative defenses and called up for hearing his motion to withdraw. This came before the court at a June 15, 1988, hearing. At that time the trial court entered an order granting the motion to withdraw and ordering appellant to retain new counsel within fifteen days of the date of its order. In the order reconstructing the record on appeal, the trial court recites most of the above facts but adds that at the hearing on June 15th when the court permitted the withdrawal of counsel, the court indicated by comment that a default judgment would be rendered if the appellant failed to comply with the trial court's order requiring retention of new counsel. However, the written order does not recite any such admonition to the party receiving it, nor does the record reflect that anyone other than the withdrawing counsel was present at the hearing.
On July 5, 1988, appellees filed a motion to strike appellant's pleading and for entry of a final judgment, pointing out that appellant was in violation of the trial court's order to obtain counsel within fifteen days. A notice of appearance was filed by attorney Douglas Johnson on July 19, 1988, on behalf of appellant. However, at a hearing on July 26, 1988, the trial court entered an order striking plaintiff's pleadings and entering a default on liability on the counterclaim. It appears from the order reconstructing the record that when the trial court entered the default on July 26, 1988, the court clerk informed the judge that no notice of appearance was on record, even though the notice had been filed on the 19th. The trial court did not make any finding in its order that the appellant's noncompliance was willful or in bad faith. Appellant filed a motion for rehearing, claiming that it was not aware that it had to retain other counsel within the fifteen day time limitation and attached to the motion an affidavit of an officer of appellant stating that he did not receive the order until he received appellee's motion to strike its pleadings and for entry of a default judgment. The trial court denied the motion for rehearing, and this appeal follows.
The trial court's authority to dismiss the action comes either from Florida Rule of Civil Procedure 1.500(b) or 1.420(b). Florida Rule of Civil Procedure 1.500(b) provides:
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of the court, the court may enter default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
*632 Under this rule appellant's failure to "otherwise defend" as provided by the order of the court would be its failure to obtain counsel to prosecute its case. Under the similar Federal Rule, the Federal courts have held upon occasion that failure to obtain an attorney can be a failure to otherwise defend within the meaning of the rule justifying dismissal. See Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426 (2d Cir.1967). In Shapiro, the district court had held that it had no authority to dismiss a suit against a corporation, Continental Record Company, for failure to defend even though several orders had been entered over a period of almost a year requiring the corporation to obtain counsel, which it never did, and was not represented on the appeal. The appellate court held that such a protracted failure to defend over such a long period of time was sufficient to justify dismissal under the rule. In the instant case, however, the period of noncompliance was a matter of days, not months or years.
Furthermore, where the default is entered pursuant to rule 1.500(b), the provisions of rule 1.500(c) should also be considered. The rule provides:
(c) Right to Plead. A party may plead or otherwise defend at any time before a default is entered.
That rule has consistently been held to mean that entry of a default judgment against a defendant is improper where the defendant served an answer, counterclaim and motion to dismiss before the judgment was entered. Crowder v. Oroweat Foods Co., 447 So.2d 1038 (Fla. 2d DCA 1984). Where an answer is filed before the hearing on the motion for default, the trial court is without authority to default a defendant because of his failure to answer. Ingaglio v. Ennis, 443 So.2d 459 (Fla. 4th DCA 1984). Furthermore, this court has held that where the responsive pleadings were served two months prior to the entry of the default, even though not within the twenty days after service as required by the rules of civil procedure, rule 1.500(c) precluded the entry of a default. Lake Towers, Inc. v. Axelrod, 216 So.2d 86 (Fla. 4th DCA 1968).
In the instant case, the order of the trial court required the appellant to secure counsel within fifteen days. Although this was not accomplished, a notice of appearance of counsel for appellant was filed prior to the entry of the order of default. Therefore, pursuant to rule 1.500(c), appellant had "otherwise defended" prior to the time the default was entered, and the trial court was without authority to enter a default under rule 1.500.
The trial court's authority to dismiss for violation of an order requiring appellant to secure substitute counsel may also be based on rule 1.420 which provides that:
a party may move for dismissal of an action ... for failure of an adverse party to comply with ... any order of court.
However, although the trial court has the discretion to dismiss a cause under this rule, it has been held that such discretion is abused in cases where compliance with the order, albeit late, occurs prior to the order dismissing the complaint, and there is no finding of willful disregard of the court's order. Cf. Livingston v. State Department of Corrections, 481 So.2d 2 (Fla. 1st DCA 1985); United Services Automobile Ass'n v. Strasser, 492 So.2d 399 (Fla. 4th DCA 1986). In this case, the appellant did secure counsel prior to the hearing granting the dismissal, and the trial court made no finding that appellant had intentionally disregarded the order of the court. Such an express written finding is essential to justify the severe sanction of default. See Tubero v. Chapnich, 552 So.2d 932 (Fla. 4th DCA 1989); Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986).
Therefore, we reverse the order striking the plaintiff's pleadings and entering default, direct the reinstatement of appellant's claim, and we remand for further proceedings in this cause.
HERSEY, C.J., and STONE, J., concur.