650 So.2d 116 (1995)
Abel GOMEZ-BONILLA, Appellant,
v.
APOLLO SHIP CHANDLERS, INC., Tropic Ship Services Ltd., and Compania De Vapores Fanal, S.A., Appellees.
Nos. 93-752, 93-753.
District Court of Appeal of Florida, Third District.
February 1, 1995.
*117 Charles R. Lipcon, Cooper & Wolfe and Sharon L. Wolfe and David H. Pollack, Miami, for appellant.
Keller, Houck & Shinkle and Ted L. Shinkle, Miami, for appellees.
Before COPE, LEVY and GREEN, JJ.
LEVY, Judge.
These appeals emanate from two separately dismissed cases which arose from the same factual scenario, involving identical parties and claims. The first appeal, case number 93-752, is from an order dismissing the appellant, Abel Gomez-Bonilla's (hereinafter referred to as "Bonilla") complaint against the appellees, Apollo Ship Chandlers, Inc., et al. (hereinafter collectively referred to as "Apollo"). The trial court struck Bonilla's pleadings and dismissed this suit following Bonilla's failure to comply with several trial court orders requiring him to attend his deposition. The second appeal, case number 93-753, is from an order dismissing a second, identical, lawsuit filed by Bonilla against Apollo, as being barred by the doctrine of res judicata.
Bonilla is a seaman who worked as a ship crew member for Apollo. In April of 1989, Bonilla slipped and fell while working aboard one of Apollo's ships. Two years after this injury, in April of 1991, Bonilla filed a six-count complaint against Apollo alleging Jones Act negligence and several other maritime claims. In September of 1991, Bonilla failed to attend a scheduled deposition which had been set by Apollo. In October of 1991, Apollo re-noticed Bonilla's deposition, and Bonilla's attorney moved for a protective order to prevent the taking of the deposition. In the motion, Bonilla's attorney alleged that Bonilla could not attend the deposition because he was living in Colombia and could not obtain a visa to come to the United States. Additionally, Bonilla's attorney stated that Bonilla was willing to give his deposition once he reached the United States. The trial court denied the motion for protective order, and Apollo subsequently noticed Bonilla for three other depositions between January and June of 1992. Bonilla failed to appear at each of these scheduled depositions, despite three trial court orders requiring him to appear. After the second court order requiring Bonilla to appear for deposition, Bonilla's attorney filed an affidavit with the court explaining that he had spoken with Bonilla's wife in Columbia who had told him that she did not know of Bonilla's whereabouts. In addition, Bonilla's attorney stated *118 that since Bonilla was a seaman, he most likely could not be reached because he was at sea.
Meanwhile, on March 30, 1992, in anticipation of a dismissal of the first suit, and being aware that the statute of limitations on Bonilla's claims was about to run, Bonilla filed a second lawsuit against Apollo realleging all of the claims that had been asserted in the first lawsuit. On May 26, 1992, the trial court issued its last order requiring Bonilla to appear for a deposition in the first case. In that order, the trial court directed Bonilla to appear for a deposition within thirty days and cautioned that if Bonilla did not appear within the allotted time, the case would be dismissed with prejudice upon receipt of a certificate of non-appearance. After Bonilla failed to appear for this deposition in June of 1992, Apollo submitted a certificate of non-appearance to the trial court.
On March 30, 1993, after a lengthy period of inactivity, Apollo filed a motion to dismiss Bonilla's second complaint, or in the alternative, for summary judgment. Apollo also moved for attorney's fees against Bonilla for the time expended in defending the second lawsuit. During the hearing on this motion, the trial court, upon an oral motion by Bonilla to enter a final judgment of dismissal so as to allow for an appeal, entered a final judgment striking the first complaint and dismissing the first suit with prejudice as a sanction, in accordance with the court's previous discovery order dated May 26, 1992. In addition, the trial court dismissed the second case with prejudice, on grounds of res judicata, and denied Apollo's motion for attorney's fees. Bonilla now appeals the trial court's orders dismissing both of his suits against Apollo. Apollo cross-appeals the trial court's order refusing to grant them attorney's fees for defending Bonilla's second lawsuit.
Although a trial court is clothed with the discretion to order a dismissal or default against a party who has failed to comply with the court's discovery mandates, Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla. 1993) (as clarified Jan. 13, 1994); Commonwealth Fed. Savs. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990); Mercer v. Raine, 443 So.2d 944, 945-46 (Fla. 1983), the exercise of that discretion will be disturbed on appeal upon a clear showing that the trial court abused its discretion. Tubero, 569 So.2d at 1173; Mercer, 443 So.2d at 946; Sekot Lab., Inc. v. Gleason, 585 So.2d 286, 288 (Fla. 3d DCA 1990); Kleinschmidt v. Gator Office Supply & Furniture, 551 So.2d 515, 516 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla. 1990). The entry of a dismissal or default for a party's noncompliance with a court's discovery order "is the most severe of all sanctions which should be employed only in extreme circumstances," Mercer, 443 So.2d at 946 (emphasis added), and which "should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Kozel, 629 So.2d at 818; see also Crews v. Shadburne, 637 So.2d 979, 981 (Fla. 1st DCA 1994). Before a trial court administers such a severe sanction, it should be certain that the party's conduct indicates "[a] deliberate and contumacious disregard of the court's authority[,] ... bad faith, or a willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." Mercer, 443 So.2d at 946 (citations omitted). In the instant cause, the trial court dismissed Bonilla's first lawsuit with prejudice because Bonilla failed to attend several court-ordered depositions.
Contrary to the trial court's ruling, the record in this case does not contain sufficient evidence to indicate that Bonilla exhibited the sort of wilful disregard for the court's orders which would support the sanction of dismissal, either with or without prejudice. In addition, throughout the time that Bonilla was unavailable for deposition, Apollo had been able to obtain other forms of discovery from Bonilla including: a response to a request for admissions, answers to interrogatories, and a response to a request for production. Finally, in September of 1992, Bonilla's attorney filed a notice of availability with the court stating that Bonilla had just arrived in Miami and was available for deposition, but Apollo never responded to this notice.
Taking the totality of these unique circumstances into consideration, it appears that Bonilla did not wilfully disregard the *119 trial court's orders; instead he made a conscious effort, and displayed a willingness, to comply with the court's orders, to the extent that he was capable of doing so. The facts clearly indicate that, at the time the trial court ordered Bonilla to appear for deposition, Bonilla did not have the present ability to comply with the court's discovery orders. A trial court should only impose discovery sanctions, especially the severe sanction of dismissal, "when the non-complying party has the present ability to comply with the discovery orders." Arviv v. Perlow, 528 So.2d 139, 140 (Fla. 4th DCA 1988). It is an abuse of discretion for a trial court to impose the sanction of dismissal upon a party who does not have the present ability to comply with the court's discovery orders. See Arviv, 528 So.2d at 140 (finding that the trial court abused its discretion in dismissing the plaintiff's case where the plaintiff had no present means with which to comply with the discovery order); Garcia Fleet Corp. v. Martinez, 483 So.2d 502, 503 (Fla. 3d DCA 1986) (holding that the trial court abused its discretion by entering a dismissal where the plaintiffs were at sea when the trial court granted its discovery order and were therefore unavailable to be re-noticed for their depositions); Robinson v. Allstate Ins. Co., 417 So.2d 778, 778 (Fla. 3d DCA 1982) (holding that dismissal of the plaintiff's complaint was too drastic a remedy where plaintiff "had difficulty getting to the United States from Jamaica, the deposition was set after the cut-off date for completing discovery, and it was only eleven days prior to trial"); Turner v. Anderson, 376 So.2d 899, 901 (Fla. 2d DCA 1979) (holding that dismissal is not warranted where the plaintiff was unable to attend court-ordered depositions because the military would not grant him leave time to comply with the court's orders). Consequently, because the record supports that Bonilla did not have the present ability to comply with the court's discovery orders as they came due, the trial court abused its discretion in dismissing Bonilla's initial lawsuit against Apollo.[1]See Arviv; Garcia Fleet Corp.; Robinson; Turner. Surely, a lesser, more appropriate sanction could have been fashioned by the trial court. See Kozel, 629 So.2d at 818.
Therefore, because the record does not support that Bonilla displayed a willful disregard for the court's orders, it was an abuse of discretion for the trial court to dismiss Bonilla's first lawsuit. See Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986); Kleinschmidt, 551 So.2d at 516; Zafirakopoulous v. South Miami Int'l Crabhouse Corp., 513 So.2d 1353, 1354 (Fla. 3d DCA 1987); Beaver Crane Serv., Inc. v. National Surety Corp., 373 So.2d 88 (Fla. 3d DCA 1979).
The trial court's dismissal of the second lawsuit was directly predicated upon its determination that the first lawsuit was dismissed with prejudice. The legal basis for the dismissal of the second lawsuit, namely that the doctrine of res judicata required dismissal, no longer exists given our decision to reverse the dismissal of the first lawsuit. Consequently, it is no longer barred by the doctrine of res judicata.[2]
Furthermore, based on the foregoing, we find that Apollo's cross-appeal, on the issue of their entitlement to attorney's fees as the prevailing party in the dismissal of the second lawsuit, is without merit.
Accordingly, the trial court's denial of Apollo's request for attorney's fees is affirmed. The dismissals entered by the trial court, however, are reversed and this cause is remanded for further proceedings consistent herewith.
*120 Affirmed in part, reversed in part, and remanded.
NOTES
[1] Although it is now clear that Bonilla's initial suit against Apollo should not have been dismissed in the first instance, dismissal with prejudice was particularly inappropriate because Apollo failed to sufficiently demonstrate that it was prejudiced by Bonilla's noncompliance. Garcia Fleet Corp., 483 So.2d at 503; Summit Chase Condominium Ass'n v. Protean Investors, Inc., 421 So.2d 562, 564 (Fla. 3d DCA 1982); Santuoso v. McGrath & Assocs., 385 So.2d 112, 113-14 (Fla. 3d DCA 1980).
[2] Apollo also asserts that the trial court properly dismissed the second lawsuit because Bonilla did not serve Apollo with process within the required 120 day period as required by Florida Rule of Civil Procedure 1.070(i). However, because the trial court did not indicate in its order that it dealt with that issue in its disposition of the second suit, we do not address it herein.