692 So.2d 1000 (1997)
K & K WORLD ENTERPRISE, INC., K & K World Travel, Inc., and Karina Knauseder, Appellants,
v.
UNION SPOL, S.R.O., Appellee.
No. 96-2107.
District Court of Appeal of Florida, Third District.
May 7, 1997.
*1001 Lawrence J. Shapiro and Jeremy Friedman, Miami, for appellant.
Goldstein and Tanen, P.A., and Susan Trench, and Lawrence Bieler, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN and SHEVIN, JJ.
PER CURIAM.
Appellants K & K World Enterprise, Inc., K & K World Travel, Inc. (collectively "K & K") and Karina Knauseder appeal a default final judgment. The default final judgment was entered against appellants after the lower court struck their pleadings and dismissed their counterclaim due to K & K's failure to retain new counsel within thirty days of a court order and Knauseder's non-appearance[1] at a calendar call pursuant to the court's pretrial order. Although the court found appellants' noncompliance with these orders to be willful and deliberate in nature, we reverse upon our finding that there is no record evidence to support the trial court's conclusion in this regard.
The striking of a party's pleadings is the most extreme sanction which can be imposed by a court and it is well-settled that a party's deliberate and contumacious disregard of the court's authority will justify its imposition. See Commonwealth Federal Savings and Loan Assn. v. Tubero, 569 So.2d 1271, 1272 (Fla.1990). It is equally well-established, however, that there must be record evidence to support a trial court's finding of a willful or contumacious disregard of its orders. See Gomez-Bonilla v. Apollo Ship Chandlers, Inc., 650 So.2d 116, 119 (Fla. 3d DCA 1995) (finding record of seaman's repeated failure to appear at deposition insufficient to indicate his willful disregard); Insua v. World Wide Air, Inc., 582 So.2d 102, 103 (Fla. 2d DCA 1991) (holding record devoid of any evidence that violation was flagrant, persistent, willful, or otherwise aggravated); Beauchamp v. Collins, 500 So.2d 294, 295 (Fla. 3d DCA 1986) (finding no record evidence of bad faith noncompliance with discovery *1002 requests which would warrant finding of willful and flagrant disobedience), rev. denied, 511 So.2d 297 (Fla.1987); Aller v. Editorial Planeta, S.A., 389 So.2d 321, 322 (Fla. 3d DCA 1980) (dismissal too severe where record is devoid of evidence reflecting willful or flagrant disregard for court's authority); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379, 381 (Fla. 4th DCA 1971) (failure to attend pre-trial conference not evidence reflecting willful disregard); Cf. Arango v. Alvarez, 585 So.2d 1131. 1132-33 (Fla. 3d DCA 1991) (pro se defendants failure to appear at calender call held willful where stated reason for nonappearance, unfamiliarity with judicial process, not a sufficient justification for ignoring court order). Indeed, we said in Gomez-Bonilla that before a trial court administers such a severe sanction:
it should be certain that the party's conduct indicates "[a] deliberate and contumacious disregard of the court's authority[,]... bad faith, or a willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness."
650 So.2d at 118 (citing Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)).
There was no record evidence below to support the court's ultimate conclusion that K & K had wilfully failed to timely obtain new counsel or that Knauseder had wilfully failed to attend the pretrial conference as scheduled. We do not believe that the appellant's mere noncompliance with these orders were sufficient to evince wilfulness. Specifically, when the court struck the appellants' pleadings and entered the defaults it had no evidence as to the reasons for their non-compliance with its orders. We find the lower court's imposition of this severe sanction to be a gross abuse of discretion.
Reversed and remanded for further proceedings.
NOTES
[1] Knauseder claims, and submitted a sworn affidavit in support, that she did appear for calendar call, albeit late.