702 So.2d 630 (1997)
Henryka SWIDZINSKA and Maciej Swidzinska, her husband, Appellants,
v.
Maria T. CEJAS, M.D., et al., Appellees.
No. 97-146.
District Court of Appeal of Florida, Fifth District.
December 19, 1997.
Nolan Carter of Law Offices of Nolan Carter, P.A., Orlando, for Appellants.
Gregory A. Fencik and Bradley P. Blystone of Mateer & Harbert, P.A., Orlando, for Appellees.
DAUKSCH, Judge.
This is an appeal from an order dismissing a case for failure to comply with a court order. Appellants are Polish citizens and residents who were allegedly injured by the medical malpractice of appellee after having suffered severe injuries in an automobile accident here in Central Florida.
During the prosecution and defense of the lawsuit, the parties sought and provided discovery. Near the end appellee made repeated requests for medical records and other material from appellant in regard to her medical treatments in Poland. Appellee asserts, and the trial judge agreed, that appellant was not sufficiently forthcoming in her provision of the Polish medical records. Appellants responded that they had done everything they could to provide the requested records and filed an affidavit to that effect. The judge dismissed the case because he did not believe appellants. We quash the order.
*631 The last resort in cases such as this is to dismiss the case, to bar persons from court. Commonwealth Federal Savings & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990); Mercer v. Raine, 443 So.2d 944 (Fla. 1983). There are other ways to sanction litigants for failure to comply with discovery requests. Fla. R. Civ. P. 3.180; See also Florida Physicians Ins. Reciprocal v. Baliton, 436 So.2d 1110 (Fla. 4th DCA 1983). Absent a showing of deliberate, wilful refusal to provide discovery, the judge should use less stringent methods of persuasion or punishment. Here, it would be consistent with justice and fair play for the judge, if he reasonably believes further discovery is available, to require appellants to bear the expense, at least initially and depending upon the results, of appellee in hiring investigators or travelling to Poland or some such less drastic measures to attempt to solve the problem. Those costs can become a part of the costs awarded at the end of the case, depending upon the outcome of the case and the value of their expenditure.
Order QUASHED, REMANDED for further proceedings.
W. SHARP, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
I respectfully dissent.
Henryka Swidzinska, appellant, while in Orange County, was involved in a serious automobile accident in 1991. After being discharged from the hospital, she returned to Poland. On March 17, 1994, she sued Maria T. Cejas, M.D. (and others) alleging negligence in failing to diagnose and treat a carotid cavernosa fistula (a small leak in an artery around the eye) while she was being treated at the Orlando Regional Medical Center. Appellant claimed that her injury was made more severe because of its late discovery. She was required to undergo surgery in Poland to address the problem that she claims would have been less severe had there been earlier intervention.
After answering the complaint, Dr. Cejas commenced discovery. She requested, among other things, all hospital records, doctor reports and medical bills from 1983 through the date of the request. When discovery was not provided, Dr Cejas moved for an order to compel discovery. This motion was granted but appellant was given an additional 90 days to comply. On September 24, 1996, appellant filed a notice with the court that she had filed "full translations of all medical records of the Plaintiff pursuant to court order. However, on October 2, 1996, Appellant filed another motion seeking relief stating that they had furnished "some of the information." Dr. Cejas moved to dismiss the complaint for failure to comply with the court's order and a hearing was scheduled for October 3, 1996. At the hearing, the court agreed to continue the hearing until "high noon" on October 31, stating "[e]quity aides the diligent, Mr. Carter, and your clients have been somewhat less than diligent up to this point." The court, about two weeks later, entered an order finding Appellant to have been less than diligent and ordering production of the documents by October 31, 1996.
On October 30, 1996, appellant requested an additional 60 days. The court granted an additional 45 days to produce the documents but put in the order:
If Plaintiffs fail to comply with each and every aspect of the Order of June 19, 1996 within the forty-five day extension period, the Court will summarily dismiss with prejudice the above captioned case at the December 16, 1996 hearing.
Appellant then filed a Notice of Compliance stating that she had fully complied with the court's order and an affidavit which stated:
That I have furnished to Attorney Nolan Carter all of my medical records from Poland, fully translated into English, of which I have knowledge, beginning with the year 1983 to this present date. [Emphasis added.]
Even though the records produced revealed that an EEG, an EKG, an angiography and a CT Scan test were conducted, neither the films nor copies of the original tests were included. The records produced also did not contain any day-to-day reports, *632 nurses notes, physician orders, progress notes or lab reports. Even though Appellant may not have "had knowledge" of these records (appellant was required to produce all hospital records, not merely the records that appellant happened to know about), that does not mean that they do not exist. It was the Appellant's burden to convince the court that she had done all that was within her power to obtain and produce the requested records. Her efforts evidenced by this record is simply insufficient to show a serious effort to comply with the court's order. The court determined that Appellant had "willfully and deliberately refused" to comply with the order and dismissed her complaint with prejudice. I would affirm.
Enough is enough. Although she was given ample time, and then extensions to that time, still appellant produced only about twelve pages of "records" even though she had been in the hospital for two weeks. It is true, of course, that we do not know what records a Polish hospital keeps. We should not assume, however, that Polish hospitals keep almost no records. In any event, appellant may not produce only those records that she has knowledge of without showing that no other records exist. If there is no records custodian at the hospital, then she should have said so under oath. Otherwise, the records custodian should have confirmed the lack of records normally kept by hospitals. One should not be permitted to sue American residents and then disadvantage them by thwarting discovery because the appellant lives in a foreign country. And I would not require defendant's counsel to travel to Poland or to engage an investigator there. That is the reason we have discovery rules. If an investigator could turn up the records, there is no explanation why plaintiff could not.
The trial judge gave ample time and proper notice before he dismissed the complaint filed almost two and a half years earlier involving alleged malpractice which had occurred over five years earlier. I would affirm.