707 So.2d 427 (1998)
Aviad VISOLY, Appellant,
v.
KLUGER, PERETZ, KAPLAN & BERLIN, P.A., and Alan J. Kluger, and Howard D. Dobosar, Appellees.
No. 97-1485.
District Court of Appeal of Florida, Third District.
April 1, 1998.
Aviad P. Visoly, in proper person.
*428 Rumberger Kirk & Caldwell, and Joshua D. Lerner, and Joseph M. Maus, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
PER CURIAM.
This is an appeal from an order dismissing a complaint with prejudice for appellant's failure to timely comply with a court order directing appellant to retain new counsel after his prior counsel was permitted to withdraw or file a written notice of his intention to proceed pro se. We reverse the order under review where there was no finding by the lower court or record evidence to suggest that appellant's failure to comply with this order was deliberate and in contumacious disregard of the court's authority. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990); K & K World Enter., Inc. v. Union SPOL, S.R.O., 692 So.2d 1000, 1001 (Fla. 3d DCA 1997). Because the striking of a parties' pleadings is the most extreme sanction, a trial court is required to make an express determination as to whether the offending party's actions were willful or deliberate. See Commonwealth, 569 So.2d at 1273 ("By insisting upon a finding of willfulness, there will be the added assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence."); Onyx Fin. Group, Inc. v. International Waste Sys., Inc., 619 So.2d 1036, 1036 (Fla. 3d DCA 1993); Carr v. Dean Steel Bldgs., Inc., 619 So.2d 392, 394 (Fla. 1st DCA 1993); Carillon Corp. v. Devick, 554 So.2d 630, 632 (Fla. 4th DCA 1989). An offending party's mere noncompliance with a court order is insufficient in and of itself to evince wilfulness. See K & K, 692 So.2d at 1002.
Reversed.