PER CURIAM.
This is an appeal from the trial court’s order striking the pleadings of, and entering a Final Default Judgment against, the appellant. The trial court’s action was based on the appellant’s failure to comply with a court order directing that it retain new counsel within thirty days from the time its prior counsel was permitted to withdraw from the case. It is well-settled that the striking of a party’s pleadings is a severe sanction which can only be imposed upon a party’s willful and deliberate disregard of a court’s authority. Mere negligence does not suffice to justify such an extreme measure, and mere noncompliance with a court order, standing alone, is insufficient to indicate willfulness. See K & K World Enter., Inc. v. Union SPOL, S.R.O., 692 So.2d 1000, 1002 (Fla. 3d DCA 1997). In addition, it is equally clear that before a court may strike a party’s pleadings, “a trial court is required to make an express determination as to whether the offending party’s actions were willful or deliberate.” See Visoly v. Kluger, Peretz, Kaplan & Berlin, P.A., 707 So.2d 427, 428 (Fla. 3d DCA 1998).
There was no finding by the lower court that the appellant’s failure to comply with the court’s order was willful, deliberate, or in disregard of the court’s authority, and the record could not support any such finding. As such, we reverse the Final Judgment and remand this case to the trial court for further proceedings consistent with this opinion. See Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990); Visoly v. Kluger, Peretz, Kaplan & Berlin, P.A., 707 So.2d 427 (Fla. 3d DCA 1998); K & K World Enter., Inc. v. Union SPOL, S.R.O., 692 So.2d 1000 (Fla. 3d DCA 1997); Onyx Fin. Group, Inc. v. International Waste Sys., Inc., 619 Sp.2d 1036 (Fla. 3d DCA 1993); Carr v. Dean Steel Bldgs., Inc., 619 So.2d 392 (Fla. 1st DCA 1993); Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991); Carillon Corp. v. Devick, 554 So.2d 630 (Fla. 4th DCA 1989); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986); Aller v. Editorial Planeta, S.A., 389 So.2d 321 (Fla. 3d DCA 1980).
Reversed.