STEVENSON, J.
We have for review an order of the trial court dismissing the plaintiffs lawsuit with prejudice as a sanction for failure to comply with discovery requests. While Griffin’s counsel’s failure to completely comply with discovery requests and subsequent court orders directing compliance therewith warranted the imposition of sanctions, the detailed factual findings in the trial court’s order itself simply do not depict the *530 type of contumacious disregard of the court’s authority warranting the imposition of the “last straw” remedy of dismissal. We, therefore, affirm the trial court’s decision to impose sanctions, but find that the court abused its discretion in ordering dismissal of the case.
The entry of a dismissal or default for a party’s noncompliance with a court’s discovery order “is the most severe of all sanctions which should be employed only in extreme circumstances,” Mercer [v. Rome], 443 So.2d [944] at 946 [(Fla.1983)] (emphasis added), and which “should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.” Kozel [v. Ostendorf] 629 So.2d [817] at 818 [(Fla.1993)]; see also Crews v. Shadburne, 637 So.2d 979, 981 (Fla. 1st DCA 1994).
Gomez-Bonilla v. Apollo Ship Chandlers, Inc., 650 So.2d 116, 118 (Fla. 3d DCA 1995); see also Swidzinska v. Cejas, 702 So.2d 630, 631 (Fla. 5th DCA 1997)(“The last resort ... is to dismiss the case, to bar persons from court. There are other ways to sanction litigants for failure to comply with discovery requests.”) (citations omitted).
Accordingly, we remand for the trial court to consider sanctions short of dismissal.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
DELL and GUNTHER, JJ., concur.