# Third District Court of Appeal

## State of Florida

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D17-2715
Lower Tribunal No. 16-9644

————————————

**DSLRPros, Inc., et al.,**
Appellants,

vs.

**Eyal Lalo,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Xander Law Group, P.A., and Wayne R. Atkins, for appellants.

Law Offices of Shelley Ray Senecal, and Shelley Ray Senecal (Fort Lauderdale), for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ and SCALES, JJ.

SCALES, J.

DSLRPros, Inc. and Tayzu, Inc., the defendants below, appeal an order entering what amounted to a default final judgment against them after the court below struck the parties' pleadings "for failure to comply with the court's order dated June 6, 2017." The record reflects that the trial court entered two, separate and distinct orders on June 6, 2017: (1) a discovery order directing the appellants to produce discovery within thirty days; and (2) an order permitting the appellants' attorney to withdraw as their counsel, and directing the appellants to retain new counsel within twenty days. The appellees failed to comply with either order.

On this record, it is entirely unclear whether the trial court struck the appellants' pleadings for violation of the discovery order, for failure to timely retain new counsel, or for both. Regardless of the reason, reversal is warranted here because the trial court did not make, nor is there record evidence to support, an express finding that the failure to comply with the trial court's order(s) was the result of willful or deliberate disregard of the court's authority.[1] See Ledo v. Seavie Resources, LLC, 149 So. 3d 707, 710 (Fla. 3d DCA 2014) (confirming,

---

[1] Nor could the trial court make such a finding as to Tayzu, Inc.'s failure to timely retain new trial counsel. Though both appellants purportedly share the same chief executive officer and both appellants hired the same trial counsel to defend this action, trial counsel filed separate pleadings on behalf of the appellants in the lower proceedings. The motion to withdraw as counsel, titled "Agreed Ex-Parte Motion to Withdraw as Counsel for DSLRPros, Inc." represented that "DSLRPROS, INC.'s representative" had agreed to the withdrawal "for DSLRPROS, Inc." No mention is made in the motion as to Tayzu, Inc. Nor did trial counsel ever file a separate motion to withdraw directed at Tayzu, Inc.

where the party was sanctioned for his own failure to comply with discovery orders while he was acting pro se, that "[e]xpress findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation" (quoting Ham v. Dunmire, 891 So. 2d 492, 496 (Fla. 2004))); Toll v. Korge, 127 So. 3d 883, 887 (Fla. 3d DCA 2013) (recognizing, where a party is sanctioned for counsel's failure to comply with discovery orders, that the trial court must apply the six-factor test set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993) and make express written findings of fact to support the conclusion that the failure to obey the court orders "demonstrates willful or deliberate disregard"); Baja Vill. Markets, Inc. v. Baja Supermarket, Inc., 712 So. 2d 465, 466 (Fla. 3d DCA 1998) (concluding, where the trial court struck the defendant's pleadings for failure to comply timely with a court order directing the defendant to retain new counsel, that the "striking of a party's pleadings is a severe sanction which can only be imposed upon a party's willful and deliberate disregard of a court's authority," noting that "mere noncompliance with a court order, standing alone, is insufficient to indicate willfulness"). Accordingly, we reverse the final judgment on review and remand this case to the trial court for further proceedings consistent with this opinion.

Reversed.