# Third District Court of Appeal

## State of Florida

Opinion filed November 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2756
Lower Tribunal No. 15-5478

_____

**Deer Valley Realty, Inc.,**
Appellant,

vs.

**Beck & Lee, P.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Rice Pugatch Robinson Storfer & Cohen, PLLC, and Chad P. Pugatch and George L. Zinkler, III (Fort Lauderdale); Parker Pohl, LLP, and M. Todd Parker and David M. Pohl (New York, NY), for appellant.

Cullin O'Brien Law, P.A., and Cullin O'Brien (Fort Lauderdale); Rumberger, Kirk & Caldwell, P.A., and M. Stephen Smith and Michael R. Holt, for appellee.

Before SUAREZ, EMAS, and SCALES, JJ.

SUAREZ, J.

Deer Valley Realty, Inc. ["Deer Valley"] appeals from an order summarily striking its pleadings and entering a default as sanctions for violation of a court

order to timely secure replacement counsel. We vacate the default, and reverse and remand for entry of either 1) a specific record-based determination that Deer Valley's noncompliance was willful and/or deliberately contumacious and thus warrants the severe sanction of striking the pleadings and default judgment, or 2) reinstatement of Deer Valley's pleadings if the trial court finds that the noncompliance was not willful.

**FACTS**

Beck & Lee, P.A., d/b/a/ Beck & Lee Business Trial Lawyers ["Beck & Lee"], represented Deer Valley in a 2012 lawsuit against Donald Trump and various other entities in connection with Deer Valley's efforts to purchase a condo unit at one of Trump's Ft. Lauderdale properties. When Deer Valley allegedly failed to pay Beck & Lee's legal fees, Beck & Lee sued for breach of contract. Deer Valley counterclaimed for negligence, overbilling, and malpractice, among others.

The issue here on appeal originates in Deer Valley's counsel's September 3, 2017 motion to withdraw. On September 29, 2017, the trial court granted the motion and gave Deer Valley twenty days to secure replacement counsel. During this twenty-day period, Beck & Lee continued to file discovery motions, which Deer Valley couldn't reasonably address without new counsel. On October 19, 2017, Deer Valley's New Jersey principal timely asked for a twenty-day extension of time to seek and retain new counsel. The following day, on October 20, 2017,

2

Beck & Lee moved to enforce the September 29 order and for sanctions, contending that Deer Valley's counsel's motion to withdraw was calculated to hinder the litigation. Beck& Lee further asserted that the motion for extension of time – as opposed to a motion for relief from the September 29 order – showed contempt for the court's order and administration of justice.  Beck & Lee asked the court to sanction Deer Valley by 1) imposing fees and costs; 2) striking and dismissing Deer Valley's counterclaims and pleadings with prejudice, and; 3) entering summary judgment on Beck & Lee's claims.  That same day, October 20, 2017, Beck & Lee filed a notice of hearing on its motion for sanctions.

On November 6, 2017, the trial court held a hearing on Beck & Lee's motion for sanctions.  Deer Valley was unrepresented at that hearing because it had not yet retained substitute counsel.[1]  The following dialog took place:

> MR. O'BRIEN:  Good morning, Your Honor.  Cullin O'Brien, for Beck and Lee.  We have a motion to enforce Your Honor's order requiring the corporation to get new counsel when Your Honor allowed the prior counsel to withdraw.
> THE COURT:  I can't order them to do that.  You can have a default.  This is post judgment?
> MR. O'BRIEN:  No, your Honor.  You have a trial date.
> THE COURT:  Okay.  Then, you know what, they're in default.  There you go.  You win.  I'm striking their pleadings for failure to obey my order.  Write the order, and that's it.  That will be a final order.  So submit the proposed judgment by 5:00 p.m. tomorrow.
> MR. O'BRIEN:  Thank you, Your Honor.

---

[1] The record on appeal does not contain any order indicating that the trial court had ruled on Deer Valley's October 19 motion for an extension of time to secure replacement counsel prior to the November 6 sanctions hearing.

3

> THE COURT: Give me the order granting your motion now, but submit the judgment.
>
> MR. O'BRIEN: Thank you, Your Honor.
>
> THE COURT: All right. There you go. Easy as pie.

The trial court summarily struck Deer Valley's pleadings and counterclaims and entered a final default judgment against it. Deer Valley's new counsel filed a timely motion for rehearing and/or reconsideration which the trial court denied. Deer Valley appeals.

## ANALYSIS

We vacate the default and reverse the order striking Deer Valley's pleadings and remand for the trial court to hold an evidentiary hearing to determine whether Deer Valley's noncompliance with the order to timely secure replacement counsel was willful and deliberate, whether the record supports any finding of willful disobedience of a court order, and whether a sanction less than striking the pleadings is more appropriate.

When a default judgment is entered against a party for failure to obey a court order, the order of default must contain specific findings of the noncomplying party's willful or deliberate refusal to obey the court order. See Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) ("Dismissing an action with prejudice as a sanction for failing to comply with court orders is 'the most severe of all sanctions which should be employed only in extreme circumstances.'" (quoting Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983)); Rodriguez v. Kalish, 766 So. 2d 411 (Fla.

4

3d DCA 2000); <u>Munoz v. Alvarez</u>, 774 So. 2d 801 (Fla. 3d DCA 2000) (reversing and remanding, on appeal from an order dismissing the case because of a supposed violation of a court order to secure replacement counsel, because the order did not, as required, state that the claimed noncompliance was willful or deliberate); <u>Visoly v. Kluger, Peretz, Kaplan & Berlin, P.A.</u>, 707 So. 2d 427, 428 (Fla. 3d DCA 1998) (holding that striking a parties' pleadings is the most extreme sanction, and a trial court is required to make an express determination as to whether the offending party's actions were willful or deliberate); <u>see</u> <u>Commonwealth Fed. Sav. & Loan Ass'n v. Tubero</u>, 569 So. 2d 1271, 1272 (Fla. 1990) ("By insisting upon a finding of willfulness, there will be the added assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence.").

This Court in <u>Baja Village Markets</u> held, on appeal from the trial court's order striking the pleadings and entering a Final Default Judgment against the appellant, that

> The trial court's action was based on the appellant's failure to comply with a court order directing that it retain new counsel within thirty days from the time its prior counsel was permitted to withdraw from the case. It is well-settled that the striking of a party's pleadings is a severe sanction which can only be imposed upon a party's willful and deliberate disregard of a court's authority. Mere negligence does not suffice to justify such an extreme measure, and mere noncompliance with a court order, standing alone, is insufficient to indicate willfulness. <u>See</u> <u>K & K World Enter., Inc. v. Union SPOL, S.R.O.</u>, 692 So. 2d 1000, 1002 (Fla. 3d DCA 1997). In addition, it is equally clear that before a court may strike a party's pleadings, "a trial court is required to make an express determination as to whether the offending

5

party's actions were willful or deliberate." <u>See</u> <u>Visoly v. Kluger, Peretz, Kaplan & Berlin, P.A.</u>, 707 So. 2d 427, 428 (Fla. 3d DCA 1998).

There was no finding by the lower court that the appellant's failure to comply with the court's order was willful, deliberate, or in disregard of the court's authority, and the record could not support any such finding. As such, we reverse the Final Judgment and remand this case to the trial court for further proceedings consistent with this opinion.

<u>Baja Vill. Markets, Inc. v. Baja Supermarket, Inc.</u>, 712 So. 2d 465, 466 (Fla. 3d DCA 1998).

Because the trial court struck Deer Valley's pleadings and counterclaims, and entered a default final judgment without making the required express findings that Deer Valley's failure to timely secure replacement counsel was willful, deliberate, or in disregard of the court's authority, we reverse the orders on appeal and remand for an evidentiary hearing. Should the court find those sanctions appropriate, it shall include express findings and record support for such in the order. Should the court find that Deer Valley's noncompliance was not willful, it shall reinstate Deer Valley's pleadings.

Reversed and remanded.

**ANY POST-OPINION MOTION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE POST-OPINION MOTION MAY BE FILED WITHIN FIVE DAYS THEREAFTER.**