DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHERRY ROOFING ENTERPRISES, INC.,**
Appellant,

v.

**DIANE BADER,**
Appellee.

No. 4D2023-1365

[January 3, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Ellen Feld, Judge; L.T. Case No. COWE-22-000852.

Lawrence R. Metsch of Metschlaw, P.A., Hollywood, for appellant.

Gabriel A. Alonso and Ian Kravitz of Malka & Kravitz, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

This case arises from a dispute between Diane Bader ("Homeowner") and Cherry Roofing Enterprises, Inc. ("the roofer") due to alleged defective re-roofing work performed by the roofer at Homeowner's residence. At issue is whether the county court committed reversable error by entering a default final judgment against the roofer for failing to obtain legal counsel within the time period set by the court. For the reasons outlined below, we reverse the default judgment.

Homeowner filed a complaint against the roofer. The roofer, through counsel, timely filed an answer and affirmative defenses. Several months later, the roofer's then-counsel filed a motion to withdraw, which the county court granted. The order on the motion to withdraw also provided that the roofer was required to obtain new counsel within thirty days from the date of the order, which was no later than January 27, 2023. After the roofer failed to retain counsel within that time period, Homeowner filed a motion for default. On February 26, 2023, the roofer's new counsel, Metschlaw, P.A., filed a notice of appearance.

On March 6, 2023, the county court granted Homeowner's motion for default against the roofer. That same day, the roofer filed a motion to set aside the default, arguing the filing of the notice of appearance prevented the entry of a default under Florida Rule of Civil Procedure 1.500(c). The county court denied the motion and entered default final judgment against the roofer. This appeal follows.

Florida Rule of Civil Procedure 1.500(c) states: "A party may plead or otherwise defend at any time before default is entered." "Florida's appellate courts 'have uniformly interpreted rule 1.500(c) as providing that the entry of default is improper when a party has filed a responsive pleading or otherwise defended before the entry of default.'" *Cano v. Cano*, 321 So. 3d 237, 238 (Fla. 4th DCA 2021) (quoting *Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC*, 986 So. 2d 1244, 1259 (Fla. 2008)). "Under the plain language of Florida Rule of Civil Procedure 1.500(c), an answer filed prior to entry of default precludes the entry of default final judgment." *Azure-Moore Invs. LLC v. Hoyen*, 300 So. 3d 1268, 1269 (Fla. 4th DCA 2020).

Our holding in *Carillon Corp. v. Devick*, 554 So. 2d 630 (Fla. 4th DCA 1989), is dispositive. There, the appellant failed to comply with the trial court's order to obtain new counsel and the trial court struck its pleadings and entered default. *Id.* at 631. In reversing, we held:

> [T]he order of the trial court required the appellant to secure counsel within fifteen days. Although this was not accomplished, a notice of appearance of counsel for appellant was filed prior to the entry of the order of default. Therefore, pursuant to rule 1.500(c), appellant had "otherwise defended" prior to the time the default was entered, and the trial court was without authority to enter a default under rule 1.500.

*Id.* at 632. We went on to explain "the appellant did secure counsel prior to the hearing granting the dismissal, and the trial court made no finding that appellant had intentionally disregarded the order of the court. Such an express written finding is essential to justify the severe sanction of default." *Id.*; *see also Munoz v. Alvarez*, 774 So. 2d 801, 801 (Fla. 3d DCA 2000) (reversing order dismissing case for failure to comply with a court order to retain new counsel "[b]ecause the order does not, as required, state that the claimed noncompliance was willful or deliberate"); *Visoly v. Kluger, Peretz, Kaplan & Berlin, P.A.*, 707 So. 2d 427, 428 (Fla. 3d DCA 1998) (reversing order dismissing complaint with prejudice for failure to timely comply with order to retain new counsel "where there was no finding by the lower court or record evidence to suggest that appellant's failure to

2

comply with this order was deliberate and in contumacious disregard of the court's authority").

Here, as in *Carillon,* the roofer secured new counsel who filed a notice of appearance prior to entry of the default. Moreover, up to that point, the roofer had defended the action by filing an answer and affirmative defenses. Equally as compelling is the fact that prior to entry of the default, the county court made no findings that the roofer had intentionally disregarded the court's order. We hold that the filing of the notice of appearance prior to the entry of the default order meant that the roofer had "otherwise defended." Therefore, the county court was without authority to enter a subsequent default or default final judgment. *See Carillon*, 554 So. 2d at 632; *Onyx Fin. Grp., Inc. v. Int'l Waste Sys., Inc.*, 619 So. 2d 1036, 1036 (Fla. 3d DCA 1993) (holding that the default was erroneously entered "[b]ecause (1) the defendants did, in fact, obtain counsel in the cause prior to the entry of the order granting a default, although not within the prescribed twenty-day time period . . . and (2) no finding was made by the court that the defendants intentionally disobeyed the court's order"). Accordingly, we reverse the default and default final judgment and remand for further proceedings.

*Reversed and remanded.*

MAY and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**