DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICOT JACQUES** and **CLAIRE JACQUES,**
Appellants,

v.

**REECE BUILDERS EAST COAST DIVISION, LLC,**
Appellee.

No. 4D2024-1481

[April 30, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephanie F. Tew, Judge; L.T. Case No. 50-2023-CC-012462-XXXA-MB.

Pierre St. Jean of Pierre St Jean Law, PLLC, West Palm Beach, for appellants.

Robert E. Menje of Robert E. Menje, PLLC, Okeechobee, for appellee.

WARNER, J.

Appellants, Ricot and Claire Jacques, appeal a default final judgment entered in favor of appellee, Reece Builders East Coast Division, LLC, after appellants failed to appear at a case management conference. Because the court entered the default without providing appellants an opportunity to be heard prior to the default's entry, we reverse.

Appellee filed suit in county court against appellants for breach of two contracts to install doors and windows in September 2023. Appellants did not timely respond to appellee's complaint, and appellee filed a motion for a clerk's default, which the clerk entered. A month later, appellants moved to vacate the default, contending lack of notice of anything other than a case management conference set for May 2, 2024. By an agreed order entered in February 2024, the trial court granted the motion to vacate and allowed appellants twenty days to file their answer and advised that a mandatory case management conference would be set by a separate order. This separate order, entered the same day, set a case management conference for April 8 and warned that failure to attend the conference "shall result in the court imposing sanctions including DISMISSAL and/or

DEFAULT in this action, without further notice by the Court." Similarly, the May 2 case management conference order, that appellants admitted to having had received before moving to vacate the default, had ordered the parties to be ready to try the case on that date and admonished: "NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE CASE, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER."

Appellants timely filed their answer to comply with the order but failed to appear at the April 8 case management conference. The trial court entered a default. The order stated that appellee had raised an ore tenus motion for default at the conference, which the trial court granted. Three days later, appellants filed a motion to vacate and set aside the default. Appellants' counsel argued excusable neglect, stating that he accidentally failed to calendar the April 8 conference and had only calendared the conference scheduled for May 2.

Pursuant to the April 8 default order, appellee filed a motion for final default judgment and submitted a final judgment. The trial court did not sign that order but set appellants' motion to set aside the default for hearing on May 16.

Appellants and their counsel failed to appear at the May 2 case management conference, and the trial court entered a default final judgment against them. Appellants filed a renewed motion to vacate and set aside the default final judgment. This motion did not include any reasons for the failure to appear on May 2. However, when the motion was heard at the previously scheduled hearing on May 16, appellants' counsel explained that after the April 8 default by the court, he believed the May 2 conference to set a trial date was cancelled, because a trial date was no longer necessary after the entry of the default. The trial court denied the renewed motion to vacate the default final judgment. In the written order, the trial court found that appellants had not demonstrated excusable neglect nor a meritorious defense.

Appellants have appealed the default final judgment, arguing that the trial court denied them due process by entering the April 8 default and the ensuing final judgment without giving them notice or an opportunity to be heard. We agree.

The court granted the default as a sanction for appellants' failing to attend the April 8 case management conference but did not provide appellants with notice and an opportunity to be heard on the sanction. As

we stated regarding the well-established law in *Baleanu v. Sandulescu*, 78 So. 3d 98 (Fla. 4th DCA 2012):

> When a defendant fails to appear for trial, the court has two options: proceed with the trial, requiring the plaintiff to put on its case, or enter a default due to the failure to defend. The default may not be entered, however, until the defendant is served with notice of the application for default and afforded an opportunity to explain. Any oral notice of the default given at the hearing would be insufficient to constitute the notice required by Florida Rule of Civil Procedure 1.500.

*Id.* at 99 (internal citations omitted); *see also Molina v. Watkins*, 824 So. 2d 959, 963 (Fla. 3d DCA 2002) ("Absent extraordinary circumstances, an *ore tenus* motion made in open court does not constitute prior notice of default judgment, even when the party is present."). Thus, appellee's motion for default at the April 8 hearing was insufficient notice to allow the court to order the default.

Although appellants had notice that default was a possible sanction for failure to appear at either of the case management conferences, due process still required that appellants be given an opportunity to be heard as to why their failure to appear was not willful or in bad faith before the trial court entered the default. *Universal Prop. & Cas. Ins. Co. v. Dimanche*, 338 So. 3d 408 (Fla. 3d DCA 2022), presents a similar situation. In that case, after the parties had failed to act for a period of time, the insurer filed a motion to dismiss. *Id.* at 410. In denying the motion, the trial court entered an order requiring the defendant to answer the complaint within seven days. *Id.* The order included an admonishment that failure to answer within that time "will result in the entry of a Court Default without further notice or hearing." *Id.* (emphasis removed). The insurer missed the deadline, and without a hearing, the trial court entered a default against the insurer, prompting it to appeal. *Id.*

On appeal, the Third District noted that because the insurer had filed a motion to dismiss, the insurer was not eligible for a judicial default and default could only have been entered as a sanction. *Id.* at 412. The court held that the insurer was denied due process because the default was entered without a hearing:

> [The insurer] contends that this was a sanction by the trial court for [the insurer]'s failure to comply with the trial court's order which was an abuse of discretion by the trial court because [the insurer] was entitled to notice of the application

3

for default. In addition, it argues that the trial court's warning in bold and underlining in the May 24, 2021 order was insufficient notice. [The insurer] is correct.

. . .

Even though the trial court stated in its May 24, 2021 order that it would enter a default if [the insurer] did not comply with the deadline of May 31, 2021, [the insurer] is correct that it was nonetheless entitled to notice and a determination by the trial court on whether [the insurer]'s failure to comply with the order was willful or done in bad faith. "When a default judgment is entered against a party for failure to obey a court order, the order of default must contain specific findings of the noncomplying party's willful or deliberate refusal to obey the court order." *Deer Valley Realty, Inc. v. Beck & Lee, P.A.,* 260 So. 3d 413, 415 (Fla. 3d DCA 2018). **The trial court did not make any of these required findings. And as [the insurer] correctly contends, the trial court could not have made these findings because no hearing was held on the issue, so there was no record or evidence for the trial court to consider. Thus, the default against [the insurer] was incorrectly entered.**

*Id.* at 412–13 (emphasis added); *see also Universal Prop. & Cas. Ins. Co. v. Andre,* 377 So. 3d 1180, 1181 (Fla. 4th DCA 2024) ("[T]o the extent the predecessor court sua sponte had entered a default against the insurer due to the insurer's counsel's failure to appear for the case management conference, the insurer was entitled to an opportunity to be heard as to why the noncompliance was not willful or in bad faith before the default's entry."); *Int'l Energy Corp. v. Hackett,* 687 So. 2d 941, 943 (Fla. 3d DCA 1997) ("Even if the Uniform [Pre-Trial] Order had specifically listed default as a possible sanction for noncompliance, notice and opportunity to be heard must still be given to the defending party for a determination of whether the noncompliance was willful or in bad faith.").

Here, appellants were not given an opportunity to be heard on their failure to appear at the April 8 case management conference, which ended in the trial court granting appellee's ore tenus motion for default. As the default was entered at the same hearing at which appellants and their counsel failed to appear, it was entered without giving them an opportunity to show that their conduct was not willful or in bad faith. *See Dimanche,* 338 So. 3d at 413.

As a sanction, a default should only be imposed "when the party exhibits a deliberate and contumacious disregard for the court's authority." *RSBD, LLC v. Velocity #1 LLC*, 383 So. 3d 505, 508 (Fla. 4th DCA 2024) (quoting *Global Recreation, Ltd. v. Arco Shows, Inc.*, 585 So. 2d 455, 456 (Fla. 2d DCA 1991)). "Mere negligence does not suffice to justify such an extreme measure, and mere noncompliance with a court order, standing alone, is insufficient to indicate willfulness." *Baja Vill. Mkts., Inc. v. Baja Supermarket, Inc.*, 712 So. 2d 465, 466 (Fla. 3d DCA 1998).

While appellee points to the failure to show either excusable neglect or a meritorious defense when appellants moved to vacate the final judgment, appellants challenge the entry of the default and default final judgment for a fundamental denial of due process, making the judgment void. *See Andre*, 377 So. 3d at 1181 ("A judgment is void if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard." (quoting *Hendrix v. Dep't Stores Nat'l Bank*, 177 So. 3d 288, 290 (Fla. 4th DCA 2015))). "If a judgment is void, a party is not required to demonstrate excusable neglect or a meritorious defense." *Hendrix*, 177 So. 3d at 290.

Because the trial court failed to provide appellants the opportunity to be heard prior to the entry of the default, we reverse and remand to vacate the final judgment and default and for further proceedings.

*Reversed and remanded.*

CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**