619 So.2d 392 (1993)
John S. CARR, Appellant,
v.
DEAN STEEL BUILDINGS, INC., et al., Appellees.
No. 92-3278.
District Court of Appeal of Florida, First District.
May 28, 1993.
*393 Chris Cadenhead, Crestview, for appellant.
Ben L. Holley, Crestview, for appellees.
JOANOS, Chief Judge.
Appellant, John S. Carr, appeals the dismissal of this cause of action for failure to comply with an order of the trial court, and the denial of his motion for rehearing. Appellant contends the dismissal is contrary to the Florida Rules of Civil Procedure in that a motion to dismiss was not filed by any party, and the one-year period allowing dismissal pursuant to rule 1.420(b) had not run. We reverse.
The undisputed facts in this cause establish the following sequence of events:
(1) On June 16, 1987, Dean Steel Buildings, Inc., filed a complaint to foreclose a mechanics lien for materials furnished by Dean for the benefit of Southside Baptist Church. Southside Baptist Church and John S. Carr, d/b/a Southern Design & Engineering, were named as defendants. Appellant/defendant Carr subcontracted with Dean to perform construction services. On September 8, 1987, Carr filed an answer to the complaint.
(2) On April 19, 1988, appellant/defendant Carr filed a crossclaim against Southside Baptist Church. In Count I, Carr sought recovery of his final draw in the amount of $25,261.82, for work and materials furnished for the church, pursuant to Carr's subcontract. In Count II, Carr crossclaimed against plaintiff/appellee Dean Steel Buildings, Inc. (Dean), seeking damages in the amount of $15,184.55, alleging Dean furnished Carr with unmarketable materials constructed in an unworkmanlike manner, causing delay and expense to Carr.
(3) On April 20, 1988, a nonjury trial was held. Prior to issuance of an order, the trial judge was killed in a plane crash. Thereafter, the cause was transferred to Judge Brace.
(4) On March 9, 1989, appellant Carr filed a motion for summary judgment against Southside Baptist Church. On April 11, 1989, appellant Carr filed a third-party complaint against Buildings and Churches, Inc. (Buildings), and Cosco & Associates, Inc./appellees, alleging that Buildings contracted with Carr to erect a metal building on property owned by Southside Baptist; Cosco & Associates assumed the contract and made payments to Carr under the contract; Carr fully performed, but had not been paid in full, and Cosco owed Carr $25,261.82. The complaint further alleged that Southside Baptist had paid Cosco all sums being claimed by plaintiff Dean for materials furnished by Dean to Southside, and third-party plaintiff Carr was entitled to recover against third-party defendant Cosco if plaintiff Dean was entitled to recover from third-party plaintiff Carr.
(5) On May 10, 1989, Building and Cosco filed an answer to the third-party complaint, *394 and a motion to dismiss the crossclaim.
(6) On June 25, 1991, a pretrial conference was held before Judge Brace. On June 27, 1991, Judge Brace issued an order directing that an agent of Southside Baptist Church perform a physical inspection of the subject property, with all parties to receive notice of the inspection so that their own agents could be present during the inspection. The order further provided that five days after the inspection, a report of purported roof damages and the estimated cost to repair the roof would be distributed to all parties. Within five days of receipt of the estimate and report, the litigation was to be settled or a final hearing date set.
(7) On April 2, 1992, the trial court issued the order of dismissal giving rise to this appeal. This order states:
THIS CAUSE was before the court on its own motion. The court entered an order on June 26, 1991, directing that the parties conduct a physical inspection of certain properties. The order further stated that within five days of receipt of said reports reflecting the purported roof damages and costs to repair that the matter shall be settled or set for a final hearing. Nine months have passed. The parties have failed to comply with the order of the court. It is, therefore
ORDERED that this cause of action is dismissed.
(8) On April 13, 1992, appellant Carr filed a motion for rehearing of the dismissal order. The motion was denied.
Florida Rule of Civil Procedure 1.420(b) provides for involuntary dismissal for failure to comply with any rule or order of the court. Allstate Insurance Co. v. Montgomery Ward, 538 So.2d 974, 975 (Fla. 5th DCA 1989). The decision to impose the harsh sanction of dismissal of an action is a matter of trial court discretion. Clay v. City of Margate, 546 So.2d 434, 435 (Fla. 4th DCA); review denied, 553 So.2d 1164 (Fla. 1989); Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321, 1323 (Fla. 4th DCA), cert. denied, 362 So.2d 1051 (Fla. 1978). Nevertheless, dismissal is a drastic remedy which should be used only in extreme situations. Livingston v. State Department of Corrections, 481 So.2d 2, 3 (Fla. 1st DCA 1985). Generally, courts have been reluctant to uphold a dismissal where there has been no finding of willful non-compliance or bad faith. An express written finding of willful disregard of an order of the court is essential to justify the severe sanction of dismissal. Carillon Corp. v. Devick, 554 So.2d 630, 632 (Fla. 4th DCA 1989); Q.I.P. Corporation v. Berger, 547 So.2d 1286, 1288 (Fla. 4th DCA 1989). Cf. Mercer v. Raine, 443 So.2d 944 (Fla. 1983).
There is nothing in the record in the instant case to indicate that any party took any action to inspect Southside Baptist Church, as directed by the trial court in its order of June 27, 1991. Indeed, it appears that appellant was the only party attempting to move the case to a conclusion. Although we are cognizant that the trial court is authorized to dismiss an action as a sanction for failure to comply with a legitimate order, we conclude the dismissal without notice or a hearing is too harsh a sanction at this stage of the proceedings.
Accordingly, the order of dismissal is reversed and this cause is remanded. Upon remand, the trial court should conduct a hearing to determine the party at fault for failure to comply with the court's order, and to impose an appropriate sanction after the determination of fault.
BARFIELD and KAHN, JJ., concur.