777 So.2d 978 (2000)
Virgilio PLANTILLA, Appellant,
v.
Tammy PLANTILLA and State of Department of Revenue, o/b/o Tammy Plantilla, Appellees.
No. 2D97-4857.
District Court of Appeal of Florida, Second District.
February 16, 2000.
*979 Richard J. DaFonte, Largo, for Appellant.
Tammy Plantilla, pro se.
Peter O. Brick of Peter O. Brick & Associates, Port Richey, for Appellee Tammy Plantilla.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee Department of Revenue.
BLUE, Judge.
Virgilio Plantilla, the husband, appeals the trial court's final judgment of dissolution of marriage and contends that he is entitled to a new hearing based on the trial court's error in striking his pleadings.[1] We agree that the pleadings were stricken in error. This error, combined with numerous other failings in the final judgment, requires a new final hearing.
Tammy Plantilla, the wife, was represented in the trial court by Lee Ellen Acevedo,[2] who apparently prepared the final judgment. While the Husband had legal representation prior to the pretrial conference, it appears that at the time of the pretrial conference, his counsel had withdrawn.
At the pretrial conference, the Husband appeared pro se. The Wife's counsel made a motion to strike the Husband's pleadings due to his failure to provide a pretrial statement. The trial judge granted the Wife's motion. In addition to striking the pleadings, the pretrial order listed a number of stipulations by the parties, including the award of sole parental custody of the Husband's three minor children to the Wife, the children's stepmother.
The striking of pleadings is a severe sanction which should be used only in extreme circumstances. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983). We note that the order striking the Husband's pleadings contained no specific findings to support the ruling. See Carr v. Dean *980 Steel Bldgs., Inc., 619 So.2d 392 (Fla. 1st DCA 1993) (dismissing an action or pleading is a drastic remedy that should only be used in extreme situations and upon express written findings of extreme willfulness). While this litigation has been unnecessarily prolonged, the record reveals that this is not a case where the Husband repeatedly and consistently failed to obey court orders. We conclude that the record fails to support the trial court's decision to strike the Husband's pleadings. For this reason, we reverse.
There are a number of problems with the final judgment, the most glaring of which is that it fails to dissolve the marriage. Additionally, it states that the Husband's pleadings were not stricken, although the pretrial order clearly struck the pleadings and there were no intervening orders reinstating them. The Wife was awarded $25,000 in permanent alimony and $7,000 in attorney's fees but the judgment contains no findings with regard to her need and the Husband's ability to pay. See §§ 61.08, 61.16, Fla. Stat. (1995). The final judgment also ordered the Husband's passport and naturalization certificate to be placed in escrow with the Wife's attorney as "security" for the payment of alimony and attorney's fees.
Finally, the Wife was awarded sole parental custody of her stepchildren, apparently on the basis of the Husband's stipulation at pretrial. Because we are remanding for a new hearing, we are not prepared to decide the propriety of an award of sole parental custody to a stepparent. We are aware of a Fifth District case which approved an award of sole parental custody to a stepparent. See Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981). We would remind the trial court that awarding sole parental custody to a stepparent to the exclusion of the natural parent is unusual, if not drastic relief, and a judgment that makes that ruling should contain findings to support this extreme action.
By itself, the trial court's error in striking the Husband's pleadings justifies a new hearing, but it is even more compelling when the other inadequacies in the final judgment are considered. Accordingly, we reverse the judgment on appeal and remand to the trial court for further proceedings. We recommend that the trial court, immediately upon remand, enter a nunc pro tunc order dissolving the marriage of the parties.
Reversed and remanded.
ALTENBERND, A.C.J., and SCHEB, JOHN M., (Senior) Judge, Concur.
NOTES
[1] The Department of Revenue appears in this appeal only on the child support issue.
[2] Less than a month after the final hearing, Ms. Acevedo submitted a disciplinary resignation to The Florida Bar, effective December 15, 1997. Subsequently, The Florida Bar permanently disbarred Ms. Acevedo, effective July 23, 1998.