944 So.2d 1161 (2006)
Rinaldo CRUZ, Appellant,
v.
CARIBBEAN SPRING VILLAGE, etc., Appellee.
No. 3D06-1020.
District Court of Appeal of Florida, Third District.
December 13, 2006.
*1162 Cummins & Wanshel and Lawrence A. Wanshel, Miami, for appellant.
Leon A. Brunet, Coral Gables, and Ryan A. Mazur, for appellee.
Before RAMIREZ, and LAGOA, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Rinaldo Cruz appeals an order vacating and setting aside a final default judgment. Because we find no abuse of discretion in the trial court's ruling, we affirm.
Attorney Robert J. Tieso filed suit against Cruz in February of 2003, on behalf of appellee Caribbean Spring Village Condominium Association, Inc., seeking injunctive relief and damages. During discovery, Cruz served Caribbean with requests for production and interrogatories, followed by a motion to compel, which the court granted. When Caribbean did not comply with the order, Cruz moved for sanctions. At the hearing, Tieso consented to an Agreed Order on Sanctions, which he then proceeded to ignore, leading to the entry of a Final Default Judgment.
Through new counsel, Caribbean filed a Sworn Motion to Vacate Final Default Judgment, arguing that Tieso failed to comply with discovery requests, communicate with them, or notify them of the entry of the final default judgment. Caribbean further argued that, since new counsel was retained, it has been unable to contact Tieso. In support of its motion to vacate, Caribbean later filed the affidavits of various of its officers and directors asserting that they assumed that Tieso was handling the suit appropriately, and that Tieso did not inform them or any other members of the board that Cruz's counsel had requested any documents. The trial court granted Caribbean's motion to vacate and set aside the final default judgment without making any specific findings in its order.
The trial court was eminently correct in setting aside the default final judgment where there was ample evidence to find that Caribbean was not involved in any way in disobeying the court's discovery orders. In Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1994), the Florida Supreme Court listed six criteria in deciding whether and to what extent to sanction the parties for discovery violations. The third one is "whether the client was personally involved in the act of disobedience." See also King v. Macaleer, 774 So.2d 68, 69 (Fla. 2d DCA 2000) ("Of particular importance to our decision [to reverse an order of dismissal as too harsh a sanction] is the lack of any record indication that Ms. King, the client, was personally involved in the act of disobedience or was even aware that her lawsuit was in danger of being dismissed."); Walicki v. Waste Mgmt., Inc., 703 So.2d 1095, 1096 (Fla. 2d DCA 1997) ("The record . . . does not show that appellant personally contributed to the delayed filing or the protracted course of this litigation. Appellant should not be made to suffer the loss of viable claims due to her attorney's malfeasance where there is no evidence in the record to indicate that she personally engaged in misconduct. Absent such evidence, it was an abuse of discretion to dismiss the complaint as a sanction based solely on [the attorney's] noncompliance.").
We distinguish Herrick v. Southeast Bank, N.A., 512 So.2d 1029 (Fla. 3d DCA 1987), in which we affirmed the denial of a motion to set aside the default and default judgment, because the attorney there never filed any pleadings and failed to appear at a properly noticed motion for summary judgment. Additionally, there was no claim of abandonment by counsel in Herrick. See Yusem v. Butler, 683 So.2d 1170 (Fla. 4th DCA 1996) (reversing the trial *1163 court's order which denied a motion to vacate a default where the defendant's attorney abandoned his clients without notice and vacated his Florida office). We therefore agree that the trial court did not abuse its discretion when it vacated and set aside the final default judgment.
Affirmed.