STONE, BARRY J., Senior Judge.
Appellant/plaintiff, National City Bank (the “Bank”), appeals a sanction order dismissing this foreclosure action with prejudice. As there was a default taken against the homeowner, the only active respondent on appeal is Okeechobee County, a judgment lienor. The dismissal order was entered following a series of unsuccessful attempts by the Bank’s new attorneys to obtain an order allowing a substitution of trial counsel, each of which the trial court found insufficient. We reverse.
The foreclosure complaint was filed in 2007 by David J. Stern, P.A. (DJS). At one point in 2008, the suit was voluntarily dismissed, but it was later reinstated. In March 2010, DJS filed a motion for summary judgment and in July 2010 filed an amended motion for summary judgment.
Then in .March 2011, a Joint Stipulation for Substitution of Counsel signed by DJS and attorneys, Weltman, Weinberg & Reis Co., L.P.A. (WWR) was sent to the Court. Stern’s signature on the Joint Stipulation appears to be a copy. A copy of a letter of consent from the Bank was attached to the Joint Stipulation. The letter of consent, addressed to DJS from PNC Mortgage (the Bank’s named predecessor in the action), was signed by Donna Burge, Senior Vice President, advising that DJS was terminated as counsel for the Bank and instructed that he transfer his files to WWR. A proposed order was not signed by the Court.
Subsequently, on July 22, 2011, another Stipulation for Substitution of Counsel, signed in ink by attorneys for both offices was submitted. It enclosed a document entitled Checklist for Attestation Verification, with the PNC logo, on which was checked a statement that the document verified was the Substitution of Counsel. The document contained the correct loan number and was signed by Jason Holstein without any identification of his title. Also attached was a letter to the trial judge stating that DJS had been terminated as counsel for the Bank and WWR had been retained. It was signed “Jason Holstein Authorized Representative of PNC”; his title was “Authorized Signer.” Another *665 proposed order was enclosed but the court, again, did not sign it.
In December 2011, the trial court entered an Order to Show Cause outlining numerous mistakes and delays that had occurred to that point, including those involving a jurisdiction issue, the untimely filing of affidavits, improper notices, all resulting in entry of the following Order to Show Cause why the suit should not be dismissed for wasting the court’s time and resources:
THIS CASE came before the court on August 5, 2010 on a motion for summary judgment filed by the plaintiff. On June 2, 2008 the plaintiff filed a notice of voluntary dismissal. On September 3, 2008 the plaintiff filed a motion to vacate the dismissal and to reinstate case. No evidence or affidavit was presented to establish a factual basis to vacate the dismissal. Further, it is unclear whether legally it could be vacated. In any event, a predecessor judge granted the motion by order dated September 3, 2008. On March 24, 2010, a year and one half later, the plaintiff filed a notice of hearing setting their motion for summary judgment for April 1, 2010. The notice fails to comply with the requirements of Florida Rule of Judicial Procedure 2.540.[1]
On April 1, 2010 counsel for the plaintiff and for Okeechobee County appeared for the hearing. The plaintiff filed their affidavits less than twenty days prior to the hearing in violation of Florida Rule of Civil Procedure 1.510. As a result, the plaintiff was given the option of denial or resetting the motion. The plaintiff opted to reset the hearing.
On July 26, 2010[2] the plaintiff filed a notice of hearing scheduling the motion for summary judgment a second time for August 5, 2010. Once again the notice of hearing failed to contain the required verbiage required by Rule 2.540. On August 5, 2010 the case was called. Counsel for the county appeared again. The bank asked to strike the hearing. Counsel for the bank did not have the necessary affidavit, and this time the amended summary judgment itself was served less than twenty days prior to the hearing. Once again court time was unnecessarily wasted. As a result, it is hereby
ORDERED that the plaintiff must show cause in writing within twenty days why this action should not be dismissed for confiscatory wasted use of the court’s precious and limited resource — time. Failure to respond will result in an order of dismissal without further notice.
Copies of the order were sent to WWR and to DJS. A footnote to WWR’s name and address stated:
New counsel for the plaintiff filed a joint stipulation for substitution of counsel on March 7, 2011. It was not acted on. It was filed in violation of Florida Rule of Judicial Administration 2.515(c)(2) in that the only signature that appears for attorney David Stern appears to be some sort of electronic transfer. Further, attached to the motion was a multi-generation photocopy of a nonspecific consent of client. New counsel filed another stipulation for substitution on July 22, 2011. This one was not acted on either. Attached to that motion is a *666 photocopy of a letter signed by someone who purports to be an “authorized representative” for the plaintiff whose title is “authorized signer.” It is unclear what that means or the authority that person holds with the bank. This office has received a significant number of these stipulations in a variety of cases from this fern that remain unacted on. The court recently returned a number of them to this firm.
Exactly twenty days later on January 10, 2012, the Order of Dismissal was entered by the trial court.
On January 12, 2012, another Stipulation for Substitution of Counsel was filed which was dated October 13, 2011, and apparently properly signed. The certificate of service said it was mailed to the court on November 28, 2011, which was before the Order to'Show Cause was entered. Attached to it was a proposed order on which the trial court crossed through the signature line and wrote on January 11, 2012 (before it was docketed) that it was denied and “No idea what an authorized signer is.”
We are mindful of the frustration that the trial court has experienced over the delay in this matter and concern for the efficient administration of the court. Nevertheless, we conclude that it was error to fail to grant the substitution of counsel and to dismiss the action.
Florida Rule of Judicial Administration 2.505 (2011) provides in pertinent part:
(e) Appearance of Attorney. An attorney may appear in a proceeding in any of the following ways:
[[Image here]]
(2) By substitution of counsel, but only by order of court and with written consent of client filed with the court. The court may condition substitution upon ... terms as may be just....
(f) Termination of appearance of Attorney. The appearance of an attorney for a party in a proceeding shall terminate only in one of the following ways:
[[Image here]]
(2) Substitution of Attorney. By order of court, under the procedure set forth in subdivision (e)(2) of this rule....
Further, Rule 2.515(c) provides
(c) Form of Signature
(1) The signatures required on pleadings and papers by subdivisions (a) and (b) of this rule may be:
(A) original signatures;
(B) original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents; or
(C) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and papers with that signature format.
(2) An attorney, party, or other person who files a pleading or paper by electronic transmission that does not contain the original signature of that attorney, party, or other person shall file that identical pleading or paper in paper form containing an original signature of that attorney, party, or other person (hereinafter called the follow-up filing) immediately thereafter. The follow-up filing is not required if the Supreme Court of Florida has entered an order directing the clerk of court to discontinue accepting the follow-up filing.
A review of the stipulations filed indicate that the first one has what appears to actually be a photocopied signature of David J. Stern, which the trial court refers to as an electronic transfer under rule 2.515(c)(2), and a violation of that rule. *667 The consent letter required by rule 2.505(e)(2) was a general letter from a senior vice president of PNC Mortgage which notifies DJS to send all its files on PNC’s cases to WWR because DJS’s services had been terminated. The court found the consent non-specific, probably because it did not have the specific mortgage number on it. Based upon these omissions, it does not appear that the trial court abused its discretion in refusing to sign the order on the first stipulation.
The second stipulation had original signatures of both attorneys. The problem the court had with the second stipulation was that the consent letter was signed by an “authorized representative” whose title was “authorized signer” and the trial court felt that it was “unclear what that means or the authority that person holds with the bank.”
There is no indication in rule 2.505(e)(2) that anything is required from the client other than a written consent. The trial court’s division procedure provides that the “signed consent of the client must be obtained and filed with the court, or a hearing must be held with notice to the client.” Here, WWR obtained a signed consent. The record is clear that the client was ridding itself of former counsel and had retained the new counsel which was necessary to move the case forward.
We conclude that it was also error to dismiss the action because of prior counsel’s mistakes in seeking summary judgment which the court concluded were a waste of the court’s time.
In Carr v. Dean Steel Buildings, Inc., 619 So.2d 392 (Fla. 1st DGA 1993), the court held:
Florida Rule of Civil Procedure 1.420(b) provides for involuntary dismissal for failure to comply with any rule or order of the court. The decision to impose the harsh sanction of dismissal of an action is a matter of trial court discretion.
Nevertheless, dismissal is a drastic remedy which should be used only in extreme situations. Generally, courts have been reluctant to uphold a dismissal where there has been no finding of willful non-compliance or bad faith. An express written finding of willful disregard of an order of the court is essential to justify the severe sanction of dismissal.
Id. at 394 (citations omitted). Since that decision, the supreme court has held:
This Court is vitally concerned with the swift administration of justice at both the trial and appellate levels. In the interest of an efficient judicial system and in the interest of clients, it is essential that attorneys adhere to filing deadlines and other procedural requirements. However, a fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error. To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set forth in large part by Judge Altenbernd: 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993) (footnote omitted).
*668 In this case, the trial court dismissed this case for the Bank’s confiscatory wasting of the trial court’s time. Although the factors set forth above which apply to counsel may have been met as to DJS in this case, it does not appear that the client was personally involved in any act of disobedience or that there was any real prejudice to Okeechobee County for the delay. Delay after the second summary judgment hearing was primarily due to the trial court’s rejection of the stipulations for substitution of counsel. Because the trial court did not grant any of the three attempts by WWR to be substituted, the Bank was without counsel. Hub Fin. Corp. v. Olmetti, 465 So.2d 618, 619 (Fla. 4th DCA 1985).
Here, there is no contention that the client or its new counsel was involved in any wrongdoing or act of disobedience. Further, no prejudice to Okeechobee County appears in the record. The delay after the second summary judgment motion was, at least in part, a result of the delay in accepting the Stipulation for Substitution. The Bank had no way to represent itself until new counsel was accepted. Most essentially, however, the trial court failed to consider the Kozel factors in deciding to dismiss the case with prejudice. Clearly, there was no finding here of a deliberate disregard of court directives by either counsel or client and there is an insufficient record to support a sanction against the client of dismissal with prejudice.
Therefore, we reverse the Order of Dismissal and remand for further proceedings.
GROSS and DAMOORGIAN, JJ., concur.

. This Rule is entitled “Requests for Accommodations by Persons with Disabilities.” Apparently the notices of hearing did not have the notice about providing accommodations for persons with disabilities.

. The same date the Bank (plaintiff) filed its amended motion for summary judgment.