EMAS, J.
Motors, Pumps & Accessories, Inc. (“MPA”) and Aris Paula (“Paula”), appeal an order denying their motion to set aside a default judgment. For the reasons that follow, we reverse.
MPA leased office/warehouse space for $1950 per month from Miami Medley Business & Industrial, LLC (“Miami Medley”) pursuant to a lease agreement dated July 3, 2007. Paula personally guaranteed the lease. The parties signed a lease renewal agreement on July 16, 2008, extending the lease an additional year, with monthly rent payments of $2050 beginning August 1, 2008. On June 16, 2009, Miami Medley sued MPA and Paula, asserting MPA had failed to pay rent due and owing. Through counsel, MPA and Paula filed an answer and affirmative defenses to the complaint.
For our purposes, the relevant litigation events took place beginning May 27, 2010, when the court entered an order setting the case for trial and ordered the parties to mediation, which was scheduled to take place on August 10, 2010.[1] When no one appeared at the mediation on behalf of MPA and Paula (including their counsel), Miami Medley filed a motion for sanctions, seeking, inter alia, an order striking MPA and Paula’s pleadings and a default judgment against them. The motion for sanctions was set for a non-evidentiary hearing on October 7, 2010, but neither MPA/Paula, nor their attorney, attended the hearing and no response to the motion for sanctions was filed. On October 18, 2010, the trial court granted the motion for sanctions and default, citing the failure of MPA/Paula (and their counsel) to attend mediation. The order provided that the defendants could purge the default within fifteen days of the order by showing good cause in writing to be filed with the court.
Many months later, on June 2, 2011, the trial court entered default final judgment against MPA and Paula, in the amount of $32,671[2], to be recovered from both De *505 fendants jointly and severally. On June 28, 2011, counsel for MPA and Paula moved to withdraw, citing irreconcilable differences.
On August 5, 2011, a new attorney[3] filed, on behalf of MPA and Paula, a verified emergency motion to set aside the default judgment. As grounds for setting aside the default judgment, MPA and Paula asserted the following under oath:
— Mr. Paula was never advised by his attorney of the mediation, and was unaware that sanctions and a default judgment had been entered;
— Miami Medley had perpetrated a fraud on the court by filing an affidavit which intentionally misrepresented that the amount owed was $27,774.50, when the documents attached to the complaint showed otherwise and that, at most, the amount owed was $4300;
The motion alleged that the former attorney’s misconduct in failing to attend mediation and other hearings, and failure to notify his clients of the mediation and other hearings, should not be imputed to the clients, and that the court failed to consider the Kozel factors before striking their pleadings and granting the default judgment.[4] Finally, the motion alleged that the court improperly entered final judgment on a claim of unliquidated damages without first conducting an evidentia-ry hearing.
At the hearing on the motion to set aside the default judgment, the trial court told counsel for MPA and Paula:
I am going to deny your motion to vacate. I find that the defense attorneys were properly noticed throughout the litigation. And they received a copy of the final judgment and did not even move to withdraw until more than 20 days after. You have done as good a job as you can with what—
When counsel further argued about the amount of damages, the court said “... your client unfortunately is way, way beyond out of court,” and “[y]ou are trying to represent your client the best you can with what you have, which is basically, unfortunately, prior attorneys may need to be liable for this.” The court denied the motion to set aside the default judgment, and this appeal followed.
MPA and Paula contend the trial court grossly abused its discretion in denying the motion to vacate the default judgment under these circumstances. Further, they argue the court erred in entering final default judgment without an evidentiary hearing as to the unliquidated damages. Miami Medley asserts the trial court did not abuse its discretion because there was a repeated pattern of misconduct,[5] Kozel does not apply, and the court made specific findings in its order granting sanctions.
We review the denial of a motion to vacate default judgment for a gross abuse of discretion. Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662 (Fla. 3d DCA 2007).
In Kozel, 629 So.2d 817 (Fla.1993), the Florida Supreme Court set forth a “meaningful set of guidelines to assist [trial *506 courts] in their task of sanctioning parties and attorneys for acts of malfeasance and disobedience.” Id. at 818. The Kozel court reasoned that the purpose of encouraging the orderly movement of litigation “usually can be accomplished by the imposition of a sanction that is less harsh than dismissal and that is directed toward the person responsible for the [misconduct.]” Id. Examples, “in those situations where the attorney, and not the client, is responsible for the error,” include “fine, public reprimand, or contempt order” Id. The court then set forth the factors to be considered by a trial court when determining whether dismissal with prejudice is appropriate:
1) whether the attorney’s disobedience was willful, delibex-ate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noneompliance; and 6) whether the delay created significant problems of judicial administration.

Id.

Importantly, “if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.” Id. Miami Medley argues that Kozel is inapplicable because the trial court struck the pleadings and entered a default judgment, rather than (as in Kozel) a dismissal of plaintiffs case with prejudice. We reject this argument. The striking of pleadings and the entry of a default judgment is perhaps the severest sanction which can be imposed upon a defendant. It prohibits the defendant from defending the merits of the claim, leaving only the determination of damages. We previously have held that Kozel applies under these circumstances. See Buroz-Henriquez v. De Burn, 19 So.3d 1140, 1141 (Fla. 3d DCA 2009) (holding “[i]t is well established that before a court may dismiss a cause or default a party as a sanction, it must first consider each of the [Kozel factors] ... and set forth explicit findings of fact in the order imposing the sanction.”). We repeatedly have reversed final default judgments and orders striking pleadings in similar situations where the trial court failed to make findings of fact in its order as set forth in Kozel. See e.g., Arkiteknic, Inc. v. United Glass Laminating, Inc., 53 So.3d 366 (Fla. 3d DCA 2011); Coconut Grove Playhouse, Inc. v. Knight-Ridder, Inc., 935 So.2d 597 (Fla. 3d DCA 2006). See also Nat’l City Bank v. White, 112 So.3d 663 (Fla. 4th DCA 2013) (reversing order of dismissal where the trial court failed to consider the Kozel factors and where the record was insufficient to support a sanction against the client.)
Contrary to the position taken by Miami Medley, the order granting the motion for sanctions for defendant’s failure to attend mediation contains no acknowledgment, discussion or analysis of any of the Kozel factors. The order states merely that the motion is granted because defendants failed to appear at a duly scheduled mediation, of which defendants’ counsel was given notice. When presented with defendants’ sworn motion, alleging that the failure to attend mediation was the fault of the attorney and that the client was never made aware mediation had been ordered and scheduled, the trial court grossly abused its discretion in denying the motion to set aside the default without considering whether the default was improvidently granted and without addressing the *507 Kozel factors.[6]
In Cruz v. Caribbean Spring Village, 944 So.2d 1161, 1162 (Fla. 3d DCA 2006), we affirmed an order granting a client’s motion to vacate and set aside a default judgment where, similarly, “there was ample evidence to find that [the client] was not involved in any way in disobeying” court orders. See also Yusem v. Butler, 683 So.2d 1170 (Fla. 4th DCA 1996) (reversing denial of motion to vacate default where failure of client to answer complaint was excusable neglect due to abandonment by counsel); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971) (reversing denial of motion to vacate final judgment entered where counsel failed to attend pretrial conference, finding client should not be punished for such failure.). At the very least, the trial court must consider the Kozel factors before denying a motion to vacate the default under these circumstances, and may conduct an evidentiary hearing to determine the veracity of the defendants’ allegations. See Bennett v. Tenet St. Mary’s Inc., 67 So.3d 422 (Fla. 4th DCA 2011) (reversing trial court’s refusal to set aside a dismissal where it failed to set forth Kozel findings, and remanding for the court to do so).
We also conclude that the trial court erred in failing to conduct an eviden-tiary hearing before entering final judgment on the amount of damages.
[I]t is well settled in Florida that a default judgment only admits to a plaintiffs entitlement to liquidated damages.’ Damages are liquidated when the amount to be awarded can be determined with exactness from a pleaded agreement between the parties, by an arithmetical calculation, or by application of definite rules of law.
DYC Fishing, Ltd. v. Martinez, 994 So.2d 461, 462-63 (Fla. 3d DCA 2008) (quoting U.S. Fire Ins. Co. v. C & C Beauty Sales, Inc., 674 So.2d 169, 171 (Fla. 3d DCA 1996)).
We therefore reverse and remand with directions to vacate the final default judgment and for further proceedings consistent with this opinion.
ROTHENBERG, J., concurs.

. A notice of the August 10th mediation conference was served on counsel for all parties on June 30, 2010.

. The principal amount claimed by Miami Medley in its "affidavit of proof” from Ralph Merritt, Jr., plus interest, costs and fees. In *505 terestingly, the "affidavit of proof" is notarized, but not signed by Merritt.

. A stipulation for substitution of counsel was filed on October 31, 2011.

. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993).

.A review of Miami Medley’s motion for sanctions, and the court’s order granting the motion, reveals that the singular basis for sanctions was defendants’ failure to attend the mediation.

. Kozel rejected the argument that, because the attorney acted as an agent of the client, the trial court properly sanctioned the client for the alleged misconduct of their counsel:
Dismissal “with prejudice” in effect disposes of the case, not for any dereliction on the on the part of the litigant, but on the part of his counsel. We are not unmindful of the rule that counsel is the litigant’s agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal "with prejudice” would in effect punish the litigant instead of his counsel.
Kozel, 629 So.2d at 818 (quoting Beasley v. Girten, 61 So.2d 179, 181 (Fla.1952)).