# Third District Court of Appeal

## State of Florida

Opinion filed January 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1506
Lower Tribunal No. 20-20736
_____

**Karina Barg,**
Appellant,

vs.

**Casablanca on the Bay, Inc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

The Legal Team, PLLC, and Karel Suarez, Sanchez, Fischer Levine, LLP, and David M. Levine, and Fausto Sanchez and Paola Sanchez Torres, for appellant.

Dorta & Ortega, P.A., and Rey Dorta, and Ashley Suarez, for appellee.

Before LINDSEY, HENDON, and MILLER, JJ.

PER CURIAM.

Karina L. Barg (plaintiff below) appeals the trial court's order setting aside a final default judgment entered against Casablanca on the Bay, Inc. (defendant below).  At the evidentiary hearing, the Casablanca employee served with process testified that he did not ever recall being served with process because he had just returned to work following a three-month long hospitalization and had been prescribed heavy medication, including oxycodone.  The trial court's conclusion that this established excusable neglect was not an abuse of discretion, simply a credibility determination.  See Cruz v. Caribbean Spring Vill., 944 So. 2d 1161, 1162 (Fla. 3d DCA 2006); cf. Benefit Admin. Sys., LLC v. W. Kendall Baptist Hosp., Inc., 274 So. 3d 480, 483 (Fla. 3d DCA 2019) ("The trial court weighed the evidence, made credibility determinations, and concluded that [movant] failed to show it was never served with the summons and complaint. . . . The trial court did not abuse its discretion in finding that [movant] failed to establish excusable neglect.").  Because the trial court did not abuse its discretion, we affirm.

Affirmed.