# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-1179
LT Case No. 2019-CA-000502

———————————————

BISON ROOFING, LLC,

    Appellant,

    v.

BARBARA GENTILE,

    Appellee.

———————————————

On appeal from the Circuit Court for Seminole County.
Michael J. Rudisill, Judge.

Robert P. Gaines, of Benson, Mucci & Weiss, P.L., Coral Springs,
for Appellant.

David W. Hall, of Stenstrom, McIntosh, Colbert & Whigham,
P.A., Lake Mary, for Appellee.

June 21, 2024

SOUD, J.

    Appellant Bison Roofing, LLC, appeals the dismissal of its complaint filed against Appellee Barbara Gentile. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We reverse.

    Bison completed roofing work at Gentile's Seminole County residence in April 2018. Thereafter, because of Gentile's alleged

failure to pay the monies owed for the work—Gentile claims she paid the balance in full to Atlas Roofing and Solar, LLC, as requested by Bison's agent, Andrew Hunter—Bison filed its claim of lien in July 2018. Bison then filed suit in the Seminole County Court in February 2019.

After Bison's counsel was permitted to withdraw from the case in December 2022, the trial court stayed the case for thirty days for Bison to retain new counsel. After thirty days passed with no appearance of new counsel, Gentile moved to dismiss the case with prejudice on January 24, 2023. The trial court entered an order on February 1, 2023, requiring Bison to comply with its requirement to obtain new counsel within ten days of the order. The trial court cautioned Bison that failure to obtain counsel within the time required could result in dismissal of the case without prejudice.

Thereafter, and apparently "immediately" after Gentile's counsel submitted a proposed order of dismissal to the trial court, Bison's new counsel filed their notice of appearance on February 22, 2023. Bison's new counsel transmitted a letter to the court dated February 23, 2023 (the day following the filing of its notice of appearance) advising that Bison retained counsel "*last month* for this and several other matters." Though a notice of appearance was filed in all of the other cases, counsel indicated that "[d]ue to excusable neglect in the training of our office personnel the Notice of Appearance on this matter was not filed." On February 24, 2023, the trial court entered its order—without conducting a hearing—granting Gentile's motion to dismiss and releasing Bison's claim of lien. Dismissal was with prejudice because the trial court concluded "the statute of limitations on the Claim of Lien has passed."

This appeal followed. Bison posits that dismissal was improper because it complied with the trial court's order requiring Bison to obtain counsel within ten days. Further, Bison argues in essence that even if it were tardy in obtaining new counsel, such would not rise to the level warranting dismissal. We agree.

Florida courts have long held that dismissal of a party's case is a "drastic remedy" that should be ordered by a trial court only in the most extreme circumstances. *See Allendorfer v. Wood*, 449 So. 2d 1312, 1313 (Fla. 5th DCA 1984) ("The dismissal of a cause

of action is a drastic remedy which should be used only in extreme situations."); *Carr v. Dean Steel Bldgs., Inc.*, 619 So. 2d 392, 394 (Fla. 1st DCA 1993) ("[D]ismissal is a drastic remedy which should be used only in extreme situations."). "Generally, courts have been reluctant to uphold a dismissal where there has been no finding of willful non-compliance or bad faith." *Carr*, 619 So. 2d at 394. "A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, . . . as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." *Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983) (citation omitted); *see also Ham v. Dunmire*, 891 So. 2d 492, 495–96 (Fla. 2004) (requiring "willful or deliberate disregard" of court order to warrant dismissal). While a trial court has discretion to dismiss a cause pursuant to Florida Rule of Civil Procedure 1.420 when a party fails to obtain counsel as ordered, it cannot dismiss when "compliance with the order, albeit late, occurs prior to the order dismissing the complaint," unless the party intentionally disregarded the court's order. *See Carillon Corp. v. Devick*, 554 So. 2d 630, 632 (Fla. 4th DCA 1989).

The record before us indicates that Bison's new counsel filed their notice of appearance on February 22, 2023, which was outside of the ten days contemplated by the trial court's February 1, 2023 order for Bison to retain counsel but two days *before* the trial court granted Gentile's motion to dismiss on February 24, 2023. Further, Bison alleged that, even though the notice of appearance was delayed due to "excusable neglect," it actually obtained counsel in January 2023—well before expiration of the 10-day period ("last month" according to counsel's letter to the court dated February 23, 2023). Based on this record, there is insufficient basis for the trial court to conclude—particularly without granting Bison a hearing—that Bison willfully violated its order. *See Mercer*, 443 So. 2d at 946; *see also Ham*, 891 So. 2d at 495–96. As a result, the trial court erred in dismissing Bison's case.

Accordingly, we REVERSE the trial court's dismissal of Bison's complaint and REMAND this case for further proceedings consistent with this opinion.

It is so ordered.

EDWARDS, C.J., and EISNAUGLE, J., concur.

―――――――――――――

*__Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.__*

―――――――――――――