# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1995
Lower Tribunal No. 18-12468-CA-01
_____

**Joseph Ansaroff, et al.,**
Appellants,

vs.

**Maria Theresa Laureles, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts and William Thomas, Judges.

Kucera Law Firm PLLC and Tomas Kucera, for appellants.

The Burton Law Firm, P.A., and Marc A. Burton and Richard J. Burton, for appellee Maria Theresa Laureles.


Before FERNANDEZ, LINDSEY, and BOKOR, JJ.

LINDSEY, J.

## I.    PROCEDURAL BACKGROUND

This matter arises from a mortgage foreclosure action between plaintiff-appellants, Joseph and Gloria Ansaroff (collectively "Ansaroff") and defendant-appellees, Maria Theresa Laureles and Sky Lake Gardens No. 4, Inc., a Condominium.[1]   Ansaroff obtained a default judgment against Laureles after Laureles' attorney abandoned her in the litigation.   Once Laureles learned of the default through a real estate agent in advance of the foreclosure sale, she hired new counsel and filed a motion to vacate the default judgment that same day.   The trial court entered an order vacating the default judgment and cancelling the foreclosure sale.

Ansaroff timely moved for reconsideration of the trial court's order vacating the default.   The trial court held a hearing on the motion for reconsideration and denied the motion.   Next, Laureles moved for summary final judgment and the trial court held a hearing on the motion.   The trial

---

[1] The list of co-defendants in the underlying action are: Maria Theresa Laureles as Personal Representative of The Estate of Bela Bardos; Maria Theresa Laureles, individually; Sky Lake Gardens No. 4, Inc., a Condominium, a Florida Not for Profit Corporation ("Sky Lake"); and John Doe 1; and John Doe 2 as unknown tenants in possession.   Ansaroff only appeals the summary final judgment, and related orders, in favor of Laureles. Sky Lake is a co-appellee but did not file an answer brief in this appeal.

granted her motion for summary final judgment and entered a final judgment in her favor. This timely appeal followed.

Ansaroff appeals three orders: (1) the Order Cancelling Foreclosure Sale, and Vacating Judgments and Defaults; (2) the Order Denying Plaintiff's Amended Partially Verified Motion for Reconsideration of an Order Vacating Defaults and Final Judgment of Foreclosure; and (3) the Summary Final Judgment.[2] We affirm in all respects.

Dispositive of this appeal is whether the trial court grossly abused its discretion in granting the motion to vacate. It did not. Ansaroff indirectly attacks the summary final judgment on the basis that the prior vacated default was improper. But, if the granting of the motion to vacate was not improper—and it was not—then Ansaroff's sole argument in support of reversal evaporates. Ansaroff raised no other issues on appeal.

## II.    ANALYSIS

"[A] party moving to set aside a default must show excusable neglect, a meritorious defense, and due diligence in moving to set aside the default." Universal Prop. & Cas. Ins. Co. v. Dimanche, 338 So. 3d 408, 413 (Fla. 3d

---

[2] We have jurisdiction to review these orders under Florida Rule of Appellate Procedure 9.110(h).

DCA 2022). The standard of review of an order granting a motion to vacate a default judgment is **gross** abuse of discretion. InClaim, LLC v. Structural Wrap, LLC, 413 So. 3d 251, 254 (Fla. 3d DCA 2025).

First, given the undisputed facts reflecting Laureles' counsel's abandonment, the trial court did not grossly abuse its discretion in finding excusable neglect. Excusable neglect is established when a client's failure to respond results from an attorney's abandonment, rather than their client's own negligence. See Yusem v. Butler, 683 So. 2d 1170, 1171 (Fla. 4th DCA 1996) (finding excusable neglect where "[a]ppellants' attorney, . . . abandoned his clients without notice . . . . Accordingly, service of an amended complaint by appellees upon . . . the lawyer's vacated Florida office . . . could not be considered notice to his abandoned clients, whose failure to respond constituted excusable neglect.").

That is the case here. Laureles' counsel appeared in the case but eventually entirely ceased communications with her. He did not appear at the hearings, did not inform her of case developments, never responded to opposing counsel's attempts to contact him, and did not inform Laureles of documents that were filed. Finally, he never withdrew, which would have required notice to Laureles and a hearing. Laureles' counsel did suggest she might eventually wish to retain other counsel; however, he instructed her

4

that she only would need to do so if she was contacted by Plaintiffs. This cannot be considered notice of abandonment to Laureles because this conditional advice lulled her into believing no immediate action was necessary. But even assuming, for the sake of argument, that there could be reasonable disagreement as to whether such notice was sufficient to inform Laureles that her attorney was abandoning her case, the trial court did not *grossly* abuse its discretion in finding excusable neglect. Given our very high standard of review, this cannot constitute reversible error. See Zuchaer v. Peninsula Condo. Ass'n, 348 So. 3d 1201, 1204 (Fla. 3d DCA 2022) (citation modified) ("A greater showing of abuse of discretion is needed to reverse the grant of a motion to vacate default. . . [i]f there be any reasonable doubt in the matter, it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.").

Second, Laureles presented a meritorious defense at the time the motion to vacate was filed. The motion contained a proposed answer and affirmative defenses. See Elliott v. Aurora Loan Services, LLC, 31 So. 3d 304, 308 (Fla. 4th DCA 2010) ("The [Appellant's] verified motion to vacate default contained a proposed answer and affirmative defenses, which met the meritorious-defense element."). Indeed, her defenses proved

5

meritorious as Laureles went on to win summary judgment based on the grounds asserted in her answer and affirmative defenses.

Third, Laureles acted with due diligence upon learning of the default judgment. Laureles believed the case was over because neither her counsel, nor Ansaroff, contacted her about the case, which is the condition that her counsel told her would be a reason for her to consider hiring a lawyer. Even so, Laureles sought new counsel and filed a preliminary motion to vacate on the very same day she learned of the default—merely a few days after the default judgment. See Verijet, Inc. v. Vision Leasing 241, LLC, 394 So. 3d 78, 81 (Fla. 3d DCA 2024) ("[Appellant] acted with due diligence in retaining counsel and moving to vacate the default within two weeks of learning of the default judgment from former counsel.").

Finally, Laureles proved excusable neglect through sworn affidavit. Thus, Ansaroff's argument that it was error for the trial court to grant the motion to vacate without an evidentiary hearing is without merit. Whether to hold an evidentiary hearing on the merits of a motion to vacate default judgment is within the trial court's discretion, however, it is not abuse of discretion to grant the order based on affidavit or sworn statement. See Motors, Pumps & Accessories, Inc. v. Miami Medley Bus. & Indus., LLC, 116 So. 3d 503, 507 (Fla. 3d DCA 2013) (emphasis added) (explaining that when

6

ruling on a motion to vacate, a trial court "*may* conduct an evidentiary hearing to determine the veracity of the defendants' allegations."); accord Noel v. James B. Nutter & Co., 232 So. 3d 1112, 1116 (Fla. 3d DCA 2017) (emphasis added) ("Excusable neglect *must* be proven by sworn statements or affidavits." ); Lanza v. Allied Trucking of Florida., Inc., 930 So. 2d 633, 634 (Fla. 3d DCA 2006) (affirming order granting a motion to vacate default where defendant "filed two affidavits to support the claims of excusable neglect and due diligence"). Accordingly, the trial court's granting of Laureles' motion to vacate default judgment was not a gross abuse of discretion, and therefore not reversible error.

"We review an order denying a motion for . . . reconsideration for an abuse of discretion." N. Florida Mango, LP v. LLS Holdings, LLC, 375 So. 3d 906, 913 (Fla. 4th DCA 2023). Here, the trial court did not abuse its discretion because Ansaroff's motion for reconsideration did not raise any new issues regarding excusable neglect, rather, it reargued to a successor judge the same arguments and evidence (Laureles' affidavit and exhibits of her counsel's email communications), the predecessor judge had rejected. See Shermer v. State, 16 So. 3d 261, 265 (Fla. 4th DCA 2009) ("The trial court did not abuse its discretion in refusing to reconsider the prior judge's

7

ruling on the motion to suppress, particularly where the defense provided no reason based upon evidence or law which would change the result.").

"The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is also de novo." HNTB Corp. v. Milstead, 369 So. 3d 749, 754 (Fla. 3d DCA 2023). On appeal of the grant of the final summary judgment, Ansaroff raises but one argument: the granting of the motion to vacate was error and it resulted in Laureles' ability to move for summary judgment, which resulted in the entry of final summary judgment. In other words, Ansaroff indirectly attacks the summary final judgment on the basis that the prior vacated default was improper. But, as established above, the granting of the motion to vacate was not improper.

Thus, Ansaroff's sole argument for error in the summary final judgment does not provide a basis for reversal. Because Ansaroff raised no other issues on appeal as to the summary final judgment, we must consider all potential issues with the final summary judgment waived or abandoned. Van Lent v. Everglades Found., Inc., 400 So. 3d 64, 74 n.9 (Fla. 3d DCA 2024) (citation omitted) ("An appellate court is 'not at liberty to address issues that were not raised by the parties' . . . . For an appellant to raise an issue properly on appeal, he must raise it in the initial brief. Otherwise, issues not raised in the initial brief are considered waived or abandoned.").

Although the trial court held a hearing on the motion for the summary final judgment, no transcript appears in the record before us. As we explained in Halmos v. Longstock II, LLC, "[t]he failure to produce a transcript of the proceedings is usually fatal to a party's appeal." 282 So. 3d 924, 924 (Fla. 3d DCA 2019); see also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). Accordingly, we affirm the trial court in all respects.

Affirmed.